ELIZABETH J. PETTIFORD v. MINA ZOELLNER.

*Collateral questions—Regularity of divorce proceedings—Affidavits for orders of publication, and of publication of notice.*

Where the record of a case is questioned collaterally, only such objections can be noticed as affect the jurisdiction to dispose of it.

Where a wife, suing for a divorce, swears positively that her husband does not reside in this State but in a specified foreign locality, it is enough to support an order of publication.

A divorce granted upon an order of publication, issued by a circuit court commissioner on an affidavit based upon information and belief, was sustained in a collateral proceeding involving the validity of a later marriage and the consequent right to property.

*It seems* that the affidavit for an order of publication in divorce is sufficient if it tends to establish a foundation for the order, and if the officer to whom it is presented finds enough in it to satisfy his judgment; and his decision cannot be set aside, in a collateral proceeding, for defects in the proofs submitted to him therefor.

Affidavits of the publication of orders for defendant's appearance in a divorce proceeding are sufficient to give jurisdiction if they state positively the fact of publication, and if the affiant swears that he is employed in the office of the newspaper in which the order was published and knows well the facts stated in the affidavit. It is unimportant that he does not describe himself as clerk, if it appears that he is entrusted with the duty of making affidavits of publication.

Proceedings after a decree of divorce do not touch the right to adjudicate and cannot be reviewed in a collateral proceeding.

Case made after judgment from Wayne. Submitted January 6. Decided January 26.

EJECTMENT. Plaintiffs brings error. Affirmed.

*Latham & Case* for plaintiff. The validity of a judgment or decree may be questioned directly or collaterally by parties or strangers if the record does not show jurisdiction: *Greenvault v. F. & M. Bank* 2 Doug. (Mich.) 505; *Wilson v. Arnold* 5 Mich. 98; *Baugh v. Baugh* 37 Mich. 62; *Gillett v. Needham* id. 143; *Forbes v. Hyde* 31 Cal. 348; *Bloom v. Burdick* 1 Hill 139; *Morris v. Hogle* 37 Ill. 152; *Elliott v. Peirsol* 1 Pet. 340; *Howard v. Thornton* 50 Mo. 291; *Thatcher v. Powell* 6 Wh. 128; *People v. Board of Police* 6 Abb. Pr. 162; an order for appearance against a non-resident defendant in divorce cannot be obtained without an affidavit: Comp. L. § 5116; 1 Barb. Ch. Pr. 92; if it is, subsequent proceedings are void: *Platt v. Stewart* 10 Mich. 260; *Parish v. Parish* 32 Ga. 653; *Towsley v. McDonald* 32 Barb. 607; *Shields v. Miller* 9 Kan. 390; an affidavit on information and belief is insufficient: *Morgan v. Eureka Co.* 9 Nev. 360; *Warren v. Tiffany* 9 Abb. Pr. 66; *Smith v. Luce* 14 Wend. 237; *Evertson v. Thomas* 5 How. Pr. 45; an order of publication that does not comply with statutory provisions cannot give jurisdiction: *Freeman v. Freeman* 1 Mich. 480; *Marshall v. Marshall* 2 Greene (Ia.) 241; *Boyland v. Boyland* 18 Ill. 551; and the affidavit in proof of publication must show that the affiant is the printer, foreman or printer's clerk: Comp. L. § 5927; *Perrien v. Fetters* 35 Mich. 236; *Gray v. Larrimore* 2 Abb. (U. S.) 551; *Steinbach v. Leese* 27 Cal. 295; *Hill v. Hoover* 5 Wis. 354.

*Adam E. Bloom* and *George Gartner* for defendant. A judge or commissioner, in making an order for appearance based upon an affidavit, passes on the facts, and his decision cannot be impeached collaterally: *Pennoyer v. Neff* 95 U. S. 721; *Porter v. Purdy* 29 N. Y. 106; *Morton v. Crane* 39 Mich. 526; *Dexter v. Cranston* 41 Mich. 452; *Shawhan v. Loffer* 24 Ia. 226; *Goudy v. Hall* 30 Ill. 116; Bigelow on Estoppel 130–1, n; where there is evidence of jurisdiction, and the only question is as to its sufficiency, the proceedings can be set aside in a direct proceeding alone: *Cooper v. Sunderland* 3 Ia. 114; *Morrow v. Weed* 4 Ia. 77; *Long v.*

*Burnett* 13 Ia. 28; *Pursley v. Hayes* 22 Ia. 11; *Hungerford v. Cushing* 8 Wis. 324; *Bridgeport Bank v. Eldredge* 28 Conn. 556; *Kipp v. Fullerton* 4 Minn. 366; *Galena etc. R. R. v. Pound* 22 Ill. 400; an affidavit of publication is sufficient if it merely recites that affiant is a printer in the office in which it is published: *Brown v. Phillips* 40 Mich. 269; or if it is made by the editor: *Sharp v. Daugney* 33 Cal. 513.

GRAVES, J. The plaintiff brought ejectment for certain premises situated in Detroit and in the occupation of defendant, and the circuit judge sitting without a jury found in favor of the latter. A review is asked by the plaintiff on a case.

The premises were formerly owned by one Julius Zoellner, who died seized and in possession, and without any will, on the 12th of May, 1880. At that time the defendant was residing with him as his wife, and she now claims to be his lawful widow, and in that character asserts a right to hold possession for a full year from Zoellner's death, under the statute. Comp. L. § 4291.

On the 8th of June, 1857, the decedent married one Margaretha Schnurr at Toledo, and lived with her as his wife until November, 1871. The plaintiff and two others are children of that marriage and decedent's sole heirs, and she sues in that character.

The defendant on the 10th of June, 1865, became the wife of one Anthony Bittner. In April, 1874, and while the former wife of the one and the former husband of the other were living, the decedent and the defendant went through a regular ceremony of marriage, and cohabited together thereafter, and until Zoellner's death, as husband and wife. September 26, 1872, the Wayne circuit court in chancery granted a divorce in decedent's favor against the said Margaretha Schnurr on the alleged grounds of cruelty and habitual drunkenness, and on the 20th of January, 1873, the same court allowed a decree of divorce in defendant's favor against the said Bittner on the alleged ground of desertion.

The result of the ejectment depends on the question

whether the defendant is or is not the lawful widow of decedent, the plaintiff's father, and this in turn depends on the effect due on this inquiry to the divorce proceedings. The plaintiff's counsel points out a large number of defects in each of the divorce cases, which, he contends, go far enough to overthrow the decree. It is very plain that many serious irregularities were committed, and which upon a direct proceeding, it may be, would have necessitated a reversal. But the records are now brought in question collaterally, and no objection can be noticed which does not go to the jurisdiction. If the court acquired the right to adjudicate, the proceedings and decisions are not open to revision in this way. The question which sometimes occurs, whether a court which has obtained jurisdiction has not gone on and exceeded it, is not involved.

If in either of the divorce cases the decree is void the plaintiff is entitled to recover. On the other hand, however irregular or erroneous the proceedings, if the court had jurisdictional power the defendant cannot be disturbed. In each case the defendant was proceeded against on publication and not on service of subpœna or appearance, and whether the court obtained jurisdiction to hold cognizance of the merits depends on the practice which was pursued in respect to those proceedings. If that practice, though irregular and imperfect, was not void, it is sufficient for the present inquiry. The decree cannot be disregarded.

The objections brought against the later proceedings are not tenable in this collateral litigation. None of them touch the right to adjudicate.

In the case instituted by defendant she swore positively that her husband did not reside in this State but in Breslau in the province of Schlesien in Europe. This was certainly sufficient to be passed on, and the circuit judge acted on it, and made it the ground of a three-months' order. Here was no error. In the other case the decedent made affidavit that Margaretha Zoellner, the defendant, was not a resident of the State of Michigan, as he was informed and believed, but that her residence was in the city of Toledo, in the State of

Ohio, and a circuit court commissioner made a two-months' order. It is contended that this affidavit presents no facts which could give the officer jurisdiction to make the order, the deponent merely testifying to information and belief and not even giving the sources of his information. That this affidavit is not what it ought to have been may be fully admitted; but when it is claimed that the order of publication and the subsequent decree of the court are void for this reason, the court may well hesitate before acceding to a construction so far-reaching and so destructive.

It is the view of some of the judges that affidavits equally defective have been much in use as the foundation for orders of publication, from the organization of the State government to the present time, and that whilst some solicitors have made their own papers more satisfactory and some judges have tried to maintain a better practice, the fact is indubitable that such affidavits have always been, and still are, largely made use of; that the titles to numerous estates, the validity of many marriages, the legitimacy of children and the peace of many families are dependent on the practice; that if orders made on such showings should be held void the most serious and painful consequences would necessarily ensue, and that the considerations of this nature which present themselves are too vast to be put aside to accommodate any notions not based on provisions which are actually imperative; that, coming to the proceeding in question, the statute does not assume to explain what shall amount to proof, but simply provides that proof of the fact shall be made by affidavit; the officer is to find enough in the affidavit to satisfy his judgment, enough to amount to proof to his mind, and if the contents of the affidavit tend to make out what is required as the basis for the order, it contains sufficient to afford his judgment the materials on which to exercise itself, and his decision cannot be held void for defect in the proof offered to him; that considering the long and inveterate practice mentioned, and the very brief and general terms of the provision, the proceeding ought not to be held null for the want of further and more satisfactory matter in the affidavit.

Another member of the court is of opinion that whatever may be the rule in ordinary cases the strict one contended for is not fairly applicable to an affidavit of the husband concerning the residence of his wife ; that he may fairly be supposed to have as full and exact knowledge on that subject as any one to whom he could properly refer, and that in cases where there is no cause for suspicion it ought not to be intended that his disclosure is misleading, or that anything more positive or definite is practicable.

The further objection is made that the proof given of the publication of the orders was defective. In both cases the showing was by affidavit and the affidavits were substantially alike. The fact of publication was stated positively and the affiant swore that he was employed in the office of the newspaper and knew well the facts stated. My brethren think this was sufficient and that the omission of the affiant to describe himself as clerk by a literal statement to that effect is unimportant. Being employed in the office and entrusted with the duty of swearing to affidavits of publication, as it seems was the case, it would be reasonable, as they view it, to infer that his duty was clerical and his position that of clerk.

In these observations it is not intended to refer to any other than cases where the proof is made in the course of regular suits at law or in equity. No opinion is expressed as to the mode of proof in special or extraordinary proceedings. *Perrien v. Fetters* 35 Mich. 233, and *Gillett v. Needham* 37 Mich. 143, are not in point on the question considered.

We think this disposes of all the objections entitled to consideration. But in saying this we do not overlook the industry, and ability shown by counsel scanning the proceedings and in laying bare the dangerous errors and imperfections of certain practice.

The result is that the judgment must be affirmed with costs.

The other Justices concurred.