## PALMER COLTON v. FREDERICK RUPERT.

*Ejectment—Foreclosure suit v. non-resident mortgagor—Absence of proof as to payments, not jurisdictional—To be taken advantage of on review or appeal—Substituted service—Statutory affidavit—Must show facts necessary to give the officer making order of appearance jurisdiction—Subpœna—Return of failure to find defendant in sheriff's jurisdiction, after diligent search up to return day, sufficient—Affidavit of non-residence—Requisites of—Place of foreign residence may be stated on information and belief—Source of information not required to be given, by the statute—But is, by good practice—Comp. Laws 1871, sec. 5117—Time for appearance of non-resident defendant under—Affidavit of publication—Sufficiency of—Publication may be shown by papers containing order—Identity—" Garrett " and " Grant," distinct names—Estoppel—Of mortgagor—By accepting surplus on sale—Depositions—Copy of notice of taking—Not required to be served by an officer, or party or his attorney—Nor to be verified or certified as a copy—Certificate of official character of party before whom taken—Sufficient if signed by deputy clerk.*

1. The failure of a complainant in a foreclosure suit against a non-resident defendant brought in by publication, to offer testimony or to be sworn as to payments made on the mortgage, does not oust the court of jurisdiction to pronounce a decree, and can only be taken advantage of in a proceeding in the cause on review or appeal.

2. The principle is well settled in this State that the statute authorizing substituted service of process must be strictly complied with in order to confer jurisdiction upon the court over the property of the defendant which the suit is instituted to reach and subject to the payment of his debt; and the required statutory affidavit must show

every fact necessary to give the officer *jurisdiction* to make the order for appearance. *Platt v. Stewart*, 10 Mich. 260; *King v. Harrington*, 14 Mich. 532.

3. A subpœna to appear and answer was returned on the return day, unserved, the officer certifying "that after diligent search the defendant could not be found in his jurisdiction." Thereupon complainant's solicitor made an affidavit "that the subpœna could not be served on the defendant by reason of his absence from this State," and further stated on information and belief, but without giving the name of his informant or the source of his information, "that defendant resided at Erie, in the state of Pennsylvania"; on this affidavit an order was made for the appearance of the defendant.

*Held*, that there is no requirement in the statute (How. Stat. sec. 6670[1]) that the person making the affidavit therein provided for shall give the *source* of his information; nor does the statute undertake to prescribe what shall be considered *proof* of the facts required to be shown by such affidavit.

*Held*, further, that good practice requires that the name of the informant, or source from which the information is derived, should be stated, not as affording any additional weight to the affidavit *as evidence*, but as a safeguard and check against false and reckless swearing.

*Held*, further, that the law is based upon the *necessity* of the case, in order to enable parties to reach and deal with *property* within the jurisdiction of the court; and that to require the statutory facts to be established by such evidence as would preclude all reasonable doubt, or of such character and weight as to preclude a possibility of error, would deprive the statute, in a large majority of cases, of any efficacy, and result in a failure of the remedy designed to be afforded by the law.

*Held*, further, that the proceedings were regular, and the affidavit of non-residence sufficient, within the unanimous opinion of this Court expressed in *Pettiford v. Zoellner*, 45 Mich 358.

4. Under the second subdivision of Comp. Laws 1871, sec. 5117, an order requiring a non-resident defendant to enter his appearance within *two* months from the date of the order, was authorized. *Pettiford v. Zoellner*, 45 Mich. 358.

---

[1]Section 6670. "After the filing of a bill, the circuit judge or circuit court commissioner shall make an order for the appearance of a defendant at a future day therein to be specified, as hereinafter directed in the following cases:

"When the defendant resides out of this State, upon proof by affidavit of that fact.

"When the defendant is a resident of this State, upon proof by affidavit that the process for his appearance has been duly issued, and that the same could not be served by reason of his absence from, or concealment within this State, or by reason of his continued absence from his place of residence."

5. An affidavit that an order of appearance was published once in each week, for six successive weeks, commencing January 6 and ending February 10, 1870, shows a sufficient publication, it appearing that no action was taken by complainant until after the expiration of the week in which the order was last published.

6. The files of the paper in which an order of appearance was published are competent evidence of such publication.

7. An order for the appearance of a non-resident defendant, in a foreclosure suit, was correctly entitled in the cause in the name of *Garrett* B. Hunt as one of the complainants; but by mistake his name appeared as *Grant* B. Hunt during three publications of the order, when the error was corrected.

   *Held*, that the cases, as thus entitled, were not identical, and that no legal publication of the order was shown for the statutory time.

8. At a sale made under such defective foreclosure proceedings, the complainants became the purchasers of the mortgaged premises; and shortly afterwards the mortgagor called upon one of the complainants, and was fully informed of the foreclosure and sale, and received from the complainant the surplus on such sale, complainants' bid being in excess of the amount due on the decree. He expressed himself as satisfied with the sum thus paid, and never expressed any dissatisfaction with the settlement. Relying upon the validity of the sale, which appeared regular upon the face of the proceedings, complainants sold the mortgaged premises, which were afterwards conveyed by their grantee, and the purchaser entered into possession and made valuable improvements on the land.

   *Held*, in an action of ejectment, brought by the mortgagor against said purchaser to recover said land, that by the acts stated, and his laches, plaintiff had waived all irregularities in the foreclosure proceedings, and sanctioned and recognized their validity.

9. The law (How. Stat. sec. 7463) does not require the copy of notice of taking depositions, authorized by How. Stat. sec. 7461, to be served by an officer, or by the party or his attorney, nor that it be verified or certified as a copy.

10. A certificate purporting to be that of the clerk of the county in which such deposition is taken, and of the courts thereof, under the seal of the court, but signed " J. E Ewell, deputy clerk," is in effect the certificate of the clerk, by such deputy, and is a sufficient authentication under How. Stat. sec. 7475.

Error to Huron.   (Wixson, J.)   Argued February 2 and 3, 1886.   Decided April 8, 1886.

Ejectment.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*Elbridge F. Bacon*, *John Atkinson*, and *Isaac Marston*, for appellant:

The affidavit was insufficient to give the commissioner jurisdiction to make the order of appearance. The statute (C. L. 1871, § 5116; How. Stat. § 6670) requires proof of the fact of defendant's non-residence, and the evidence required must be legal evidence; that is, such as would be admitted on a trial before a court of justice upon an issue of fact joined upon such non-residence: *Mackubin v. Smith*, 5 Minn. 367; *Ricketson v. Richardson*, 26 Cal. 149; *Wood v. Olney*, 7 Nev. 115; *Forbes v. Hyde*, 31 Cal. 342, and cases cited; *Miller v. Brinkerhoff*, 4 Denio, 119; *Walker v. Turner*, 9 Wheat. 541; *Wortman v. Wortman*, 17 Abbott (N. Y.) Pr. 66; *Fontaine v. Houston*, 58 Ind. 316; *Lyon v. Baxter*, 64 How. Pr. (N. Y.) 426.

Statutory provisions for acquiring jurisdiction of absent defendants must be strictly complied with to give the court jurisdiction, which is strictly statutory and can only be acquired in the prescribed mode: *Chandler v. Nash*, 5 Mich. 409; *Platt v. Stewart*, 10 Mich. 260, and cases cited; *King v. Harrington*, 14 Mich. 532; *Cook v. Farmer*, 12 Abbott Pr. (N. Y.) 359; *Wortman v. Wortman*, 17 How. Pr. (N. Y.) 66.

But even if the affidavit was sufficient, the order was not published a sufficient length of time, namely, " once in each week for six weeks in succession." The first publication was January 6, and the last February 10, making an interval of only thirty five days: *Van Alstine v. People*, 37 Mich. 523; *Gantz v. Toles*, 40 Mich. 725; *Bacon v. Kennedy*, 56 Mich. 329; *Anonymous*, 1 Wend. 90; *Market Bank v. Pacific Bank*, 89 N. Y. 397.

But even if the court did obtain jurisdiction in the first instance, there was no testimony taken, and, as neither of the complainants were sworn as to payments, the court had no power to render a decree against the non-resident defendant brought in by publication; hence, such decree and the sale thereunder were void: *Brown v. Thompson*, 29 Mich. 75; *Millar v. Babcock*, Id. 526; *Griswold v. Fuller*, 33 Mich. 268; *Corwithe v. Griffing*, 21 Barb. (N. Y.) 9.

The decree required the land to be sold in parcels, yet from the report of sale it was sold as a whole, and the sale is void: How. Stat. § 6701; *Lee v. Mason*, 10 Mich. 403; *Udell v. Kahn*, 31 Mich. 195.

The land was sold to the complainants for $1,000, being $159.31 in excess of the amount due, which was a material

excess, and rendered the sale void : *Bank of Ogdensburgh v. Arnold*, 5 Paige, 38 ; *Patterson v. Carmeal's Heirs*, 3 A. K. Marsh (Ky.) 619 ; *Blakey v. Abert*, 1 Dana (Ky.) 185 ; *Hastings v. Johnson*, 1 Nev. 613 ; *Litchfield v. Cudworth*, 15 Pick. 23 ; *Lockwood v. Sturdevant*, 6 Conn. 373 ; *Minnesota Co. v. St. Paul Co.*, 2 Wall. 640.

The sale was made in less than one year and six weeks from filing of bill of complaint, and in less than one year from the last publication of the order of appearance, which should be considered the commencement of suit : *Thompson v. Thomas*, 11 Mich. 274 ; *King v. Harrington*, 14 Mich. 532. A year and six weeks must elapse between the commencement of suit and the sale, which was therefore premature and of no effect : How. Stat. § 6701 ; *Culver v McKeown*, 43 Mich. 324 ; *Canfield v. Shear*, 49 Mich. 313 ; *Burt v. Thomas*, Id. 462.

The depositions were improperly admitted in evidence. The notice of taking same was not served by the defendant, or his attorney, or an officer ; nor by any one authorized by the defendant to serve the same : *Campau v. Dewey*, 9 Mich. 408 ; nor was the copy served certified or verified as a copy : How. Stat. § 7463. See, also, as to defects in certificate required by section last cited : *Wattles v. Moss*, 46 Mich. 55 ; How. Stat., § 7475.

If the court never obtained jurisdiction, the information furnished plaintiff by Hunt, and upon which the alleged settlement was made, was false, and he could repudiate such settlement and bring this suit : *Converse v. Blumrich*, 14 Mich. 123. The plaintiff's recovery could not be defeated by an estoppel *in pais* ; whatever effect the defense might have in a court of equity, it can have none in a suit at law : *Wright v. Degroff*, 14 Mich. 164 ; *Buell v. Irwin*, 24 Mich. 145 ; *Whiting v. Butler*, 29 Mich. 122 ; *Ryder v. Flanders*, 30 Mich. 336 ; *Conrad v. Long*, 33 Mich. 78 ; *Hayes v. Livingston*, 34 Mich. 385, and cases cited ; *Jeffery v. Hursh*, 42 Mich. 563 ; *Nims v. Sherman*, 43 Mich. 45 ; *Harrett v. Kinney*, 44 Mich. 457.

*Wisnor & Snover* and *W. T. Mitchell*, for defendant :

The order of appearance was made under C. L. 1871, § 5117, under which an absent defendant could be required to appear, as follows : If a resident of this State, within three months from date of order ; if a non-resident, within a period not exceeding six months from such date.

The amendment of 1881 provided that the time for such

appearance should *not be less* than three, four, and five months respectively, and was a legislative construction of the prior statute as not requiring any *definite* period, but as fixing a maximum time and leaving the rest to the discretion of the officer making the order.   In the case of *Pettiford v. Zoellner*, 45 Mich. 358, a two months order for appearance was made under the 1871 statute, upon an affidavit showing the residence of the defendant to be in Europe, and a like order as to *time*, on a showing that the defendant resided in Ohio; yet this Court sustained the jurisdiction of the lower court and the decree of divorce attacked.

The defects, if any, in the foreclosure proceedings, were not jurisdictional; and the court having acquired jurisdiction, its decree cannot be questioned in a collateral proceeding: *Buckmaster v. Ryder*, 12 Ill. 214; *Mulford v. Stalzenback*, 46 Id. 306; *Hopson v. Ewan*, 62 Id. 154; *Osman v. Traphagen*, 23 Mich. 80; *Crawford v. Fuller*, 35 Id. 57; *Griffin v. Johnson*, 37 Id. 87–93; and a purchaser under a decree is not bound to look beyond it, and is protected even if it is afterwards set aside: *Feaster v. Fleming*, 56 Ill. 460; *Doe v. Harvey*, 5 Blackf. 487.   The purchaser of land at a sheriff's sale is not bound to examine into the regularity of the proceedings by which the execution was obtained: *Thompson v. Tolmie*, 2 Pet. 157; *Voorhees v. U. S. Bank*, 10 Pet. 474.

The law does not require the notice of taking depositions to be served by the party or his attorney: How. Stat. § 7463; nor the verification of the copy served; but the old law did: *Campau v. Dewey*, 9 Mich. 381.

A deputy clerk can sign writs in his own name: *Calender v. Olcott*, 1 Mich. 344, as also an under sheriff: Id.; and a deputy has the whole power of the principal: Id. 345; Story on Agency, p. 176, note 1.

Ejectment, in Michigan, is a possessory action, and does not necessarily involve title: *Bertram v. Cook*, 44 Mich. 396; *Covert v. Morrison*, 49 Mich. 133; *Reading v. Waterman*, 46 Mich. 109; *Sinclair v. Learned*, 51 Mich. 335–342.

The settlement of plaintiff with his mortgagors almost ten years before commencing this suit, and his failure to refund the surplus money received or to express any dissatisfaction, estop him from attacking the foreclosure proceedings and the sale thereunder.   See cases last cited, and *McVickar v. Filer*, 31 Mich. 304; *Goodwin v. Burns*, 21 Mich. 211.

CHAMPLIN, J.   The defendant recovered a judgment in an

action of ejectment brought by plaintiff to recover possession of certain land situated in the county of Huron.

On the trial both parties claimed title through a common source. The plaintiff was the owner in fee by a purchase from Garret B. Hunt and Henry S. Cunningham, made on the seventh day of November, 1865. On the same day he executed and delivered to his vendors a mortgage upon the lands purchased, to secure the payment of the purchase price. Defendant claims title through a foreclosure in chancery of this mortgage. The defendant, as a part of his defense, offered in evidence the files and records in the foreclosure proceedings, which showed that the bill to foreclose the mortgage was filed on the fifteenth day of December, 1869 ; that Garret B. Hunt and Henry S. Cunningham were complainants, and Palmer Colton was defendant. The record offered was the enrollment, and also, in that connection, the order taking the bill as confessed, recorded in the common order-book, on page 41.

Four objections were taken to the introduction of the evidence, namely:

1. Because the court acquired no jurisdiction of the defendant : there was no personal service made on the defendant, and the affidavit upon which the commissioner made his order for the appearance of the defendant shows no facts authorizing the commissioner to make such order.

2. That the order of the commissioner was void on its face, as it required the defendant to enter his appearance within two months from the date of such order, and the order shows that the defendant is a non-resident of this State.

3. That the order was not published for the time required by law.

4. That it appears from the files in this case that there was no evidence offered before the commissioner by the complainants as to payments, etc.; that as there was no appearance of the defendants, the decree could not be granted, under the law, without the complainants being sworn as to payments.

The first three objections are aimed at the jurisdiction of the court over the person of defendant ; the last, to error in the proceedings. The fourth objection does not involve the

jurisdiction of the court to pronounce a decree, and can only be taken advantage of in a proceeding in the cause on review or appeal.

The subpœna to appear and answer was issued on the fifteenth day of December, 1869, and was returnable on the twenty-seventh day of December, 1869. It was delivered to the sheriff, who, by his under-sheriff, returned on the return-day thereof, that the subpœna could not be served upon the defendant, Palmer Colton, because he could not be found in his jurisdiction; and that he had made diligent search for said defendant,[1] and he could not be found within his jurisdiction. The solicitor for the complainant thereupon made affidavit as follows:

"Richard Winsor, being duly sworn, deposes and says: That he is solicitor for complainant in the above-entitled cause; that the subpœna issued in this cause cannot be served on the defendant by reason of his absence from this State. And deponent further says that the said Palmer Colton, as he is informed and believes, resides at Erie, in the state of Pennsylvania; and further deponent says not."

The principle is well settled in this State that the statute authorizing substituted service of process, must be strictly complied with in order to confer jurisdiction upon the court over the property of the defendant which the suit is instituted to reach and subject to the payment of his debt; and it has been held that the affidavit required must show every fact necessary to give the officer jurisdiction to make the order for appearance. *Platt v. Stewart,* 10 Mich. 260; *King v. Harrington,* 14 Mich. 532.

In this case the affidavit is positive that the subpœna could not be served upon the defendant by reason of his absence from the State. The place of defendant's residence is stated upon information and belief to be at Erie, in the state of Pennsylvania. The objection urged is that this statement does not amount to proof; that deponent should, at least, have given the source of his information. But there is no

---

[1] The certificate of service shows that such "diligent search" was continued up to the return day of the subpœna.

requirement in the statute that the person making the affidavit shall give the source of his information ; nor does it undertake to prescribe what shall be considered proof of the facts required to be shown by affidavit.

Good practice requires that the name of the informant, or the source from which the information is derived, should be stated, not as affording any additional weight to the affidavit as evidence, but as a safe-guard and check against false and reckless swearing. The very nature of the facts to be proved are often such that an affidavit upon information or belief is all that can be adduced in the case. The residence of the party may be unknown, and the most diligent search and inquiry fail to elicit any information upon the subject. A defendant may be a non-resident when the mortgage was executed, and that fact may appear upon the face of the mortgage, as was the case here ; and yet, when the suit is commenced, it may not be known whether he has changed his residence either to this or some other state. In such case an affidavit upon information and belief is all that could reasonably be required. To require that such proof should be established by such evidence as would preclude all reasonable doubt, or of such character and weight as would preclude a possibility of error, would deprive this provision of the statute, in a large majority of cases, of any efficacy, and result in a failure of the remedy designed to be afforded by the law. The law itself is based upon the necessity of the case, in order to enable parties to reach and deal with property within the jurisdiction of the court. No personal decree can be taken. It is in aid of justice, and the rights of the absent defendant are carefully preserved in cases where a decree has been entered in the cause. He or his representatives may appear and be admitted to answer the complainant's bill upon paying or securing the costs, and the cause shall then proceed as if he had appeared in due season ; but this appearance must be made in one year after notice in writing of the decree has been given to him, and within seven years after the making of the decree when such notice shall not have been given.

And in cases where the suit is for the purpose of foreclosing a mortgage, the statute provides that,

"No sale and conveyance, regularly made under the preceding provisions, upon a bill for the foreclosure and satisfaction of a mortgage, shall be affected or prejudiced by the appearance of the defendant within one year, or the seven years hereinbefore specified, nor by any other proceeding; but such defendant or his representatives may, at any time within seven years after the decree ordering such sale, file a bill against the complainant or his representatives, to account for all moneys received by him or them by virtue of such decree, over and above the amount justly due on the mortgage, and costs of suit; and the court shall proceed on such bill according to the equity of the case."

I shall have occasion to refer to these provisions of the law when I come to the consideration of another branch of the defendant's case.

The record shows that the subpœna was duly issued, and placed in the hands of the proper officer for service, and it could not be served because of the absence of the defendant from the jurisdiction of the officer. In this respect the proceedings were regular, and were free from the infirmity which existed in the case of *Soule v. Hough*, 45 Mich. 418. The affidavit of non-residence was sufficient, within the unanimous opinion of this Court expressed in the case of *Pettiford v. Zoellner*, 45 Mich. 358. The reasons there given for holding an affidavit like the one in question here good, and the evils which would result from a contrary doctrine in the unsettling of titles in this State, are conclusive and satisfactory to my mind.

The second point taken by plaintiff's counsel is also disposed of by the case of *Pettiford v. Zoellner*. The Legislature has very wisely amended the statute so as to avoid any uncertainty in the construction which should be placed upon it as it formerly stood.

Was the order published for the time required by law?

The affidavit shows that it was published for six successive weeks, commencing on the sixth day of January, A. D. 1870, and ending on the tenth day of February, A. D. 1870. The

affidavit shows a sufficient publication, as no action was taken by complainant until after the expiration of the week in which the order was last published.

The defendants also introduced the files of the paper in which the order was published, and they were received in evidence against plaintiff's objection that the same were incompetent. It is competent to show the fact of publication by the introduction of the published papers containing the notice or order. These papers showed a publication of the order on the sixth, thirteenth, twentieth, and twenty-seventh days of January, and on the third and tenth days of February, 1870; and they also showed an error in the name of one of the complainants, which ran through the first three publications, in which the name of Garrett B. Hunt was printed " Grant B. Hunt." It needs no argument to demonstrate that a cause entitled, " *Grant* B. Hunt and Henry S. Cunningham against Palmer Colton," is not the same cause as one entitled, " *Garrett* B. Hunt and Henry S. Cunningham against Palmer Colton." It was the cause last entitled in which the order was made, and this order was published but three times. The order made was never published six weeks. The entitling was a material part of the order, as the body of the order referred to it, and the complainant's name appeared nowhere else. The language of the order is : " That the said defendant cause his appearance to be entered in this cause within two months from the date of this order, or, in default thereof, that the said bill of complaint be taken as confessed by said defendant." There was a plain failure to comply either with the terms of the statute or of the order made in pursuance of it; and unless the defendant in that suit has done some act, based upon the foreclosure, which has estopped him from now insisting upon the illegality of the proceedings, they cannot be sustained.

The defendant in this suit claims that the plaintiff is legally and equitably estopped by facts and circumstances, substantially as follows : The mortgagees became the purchasers of the mortgaged premises at a sale made in pursuance of the decree made therein, on the twenty-first day of January, A. D.

1871, bidding more therefor than was due upon the decree; that afterwards, in October, 1872, Colton called upon Garrett B. Hunt at his residence in Erie county, N. Y., and staid with him two or three nights; that at that time he was fully informed by Hunt of the proceedings to foreclose the mortgage, and what had been done about it,—that the property had been sold at foreclosure sale, and bid in by himself and Mr. Cunningham; that Colton asked for an adjustment, and one was had after a full knowledge by Colton of the foreclosure proceedings and sale; that they paid to him $150 in cash, and surrendered a note that Hunt held against him. The cash paid was the amount due him for the surplus on the sale, after taking out taxes and principal and interest due upon the mortgage. He expressed himself as pleased and satisfied with the sum paid him, and never expressed any dissatisfaction with the settlement. Relying upon the validity of the foreclosure sale, which appeared regular upon the face of the proceedings, Hunt and Cunningham sold the premises to Michael Linnenbach, and conveyed them by deed, November 1, 1871, which deed was duly recorded; and defendant purchased of Linnenbach, November 9, 1874, and went into possession in 1875. Meanwhile the defendant has gone on and made valuable improvements upon the land in reliance upon his title derived from the sources aforesaid.

The plaintiff was aware more than ten years before the commencement of this suit of the sale under the foreclosure proceedings. He took no steps to set them aside, or challenge their validity. If the proceedings were irregular, as now alleged by him, he could have appeared within seven years after the decree, and had the same set aside, and defended against the suit. He received full notice of the sale in less than two years after it had been consummated. If the foreclosure had been regular, the defendant, Colton, could not, at any time, have questioned the sale, but he could have filed his bill of complaint for an account of the moneys received by Hunt and Cunningham on the sale, and would have been entitled to receive the surplus moneys over and above the amount justly due them on the mortgage, and costs of suit.

This account they rendered, and adjusted with the mortgagor without suit, and, we think, with the same force and effect. By that act, and by his laches, he has waived all irregularities in the foreclosure proceedings, and sanctioned and recognized their validity. By his inaction he has permitted the defendant to purchase upon the faith of the validity of his grantor's chain of title, and it would be manifestly unjust for the plaintiff now to allege the illegality of the proceedings whose validity he recognized in 1872.

His conduct comes clearly within the principle enunciated in *Cairncross v. Lorimer*, 7 Jur. (N. S.) 149, and quoted with approval in *Truesdail v. Ward*, 24 Mich. 134, as follows :

" It is a universal law that if a man, either by word or by *conduct*, has intimated that he consents to an act which has been done, and that he will offer no opposition to it, although it could not have been lawfully done without his consent, and he thereby induces others to do that from which they otherwise might have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have so given faith to his words, or to the fair inference to be drawn from his conduct."

The testimony by which the settlement in 1872 was made to appear, was established by the depositions of Garrett B. Hunt and Henry S. Cunningham, taken before a notary public for the county of Erie, in the state of New York, to the introduction of which in evidence upon the trial the following objections were made, viz.:

(1) Because the copy of the notice to take depositions was not served by the defendant, or his attorney, or by an officer, or by any one duly authorized by the defendant to serve the same.

(2) Because the copy of the notice served was not attested or verified by any person.

(3) Because the copy of the notice served did not purport to be a true copy of the original notice to take the depositions, or the copy of any notice.

(4) Because there is no clerk's certificate attached to said depositions, as required by law, certifying that the person before whom the depositions purport to be taken was authorized by law to take such depositions.

The objections were properly overruled. The law does not require the copy of the notice to be served by an officer, or by the defendant or his attorney, nor does it require the copy to be verified. The notice served was signed by the attorney for the defendant, and proof was made that a true copy of the notice was served upon the attorney for the plaintiff in the cause.

The certificate attached to the depositions purported to be the certificate of Robert B. Foote, clerk of Erie county, New York, and of the courts thereof, being courts of record. It was in due form and substance, and was signed by J. E. Ewell, deputy-clerk, and was under the seal of the court. In effect, it was the certificate of Robert B. Foote, clerk, by J. E. Ewell, deputy-clerk. We think it was a sufficient authentication under the statute.[1]

We do not feel called upon to pass upon the question as to whether the action could be maintained without a previous demand of possession, under our decisions in *Reading v. Waterman*, 46 Mich. 109, and *Sinclair v. Learned*, 51 Mich. 335, as the point was not raised in the court below, nor does it arise here in the view we take of the facts creating an estoppel; and for the same reason we do not find it necessary to decide whether the five-years statute of limitation should be held to apply to this case.

Other objections were taken to the regularity of the proceedings upon the sale—such as not selling in parcels, and the absence of filing upon the back of the report of sale found among the papers, and the absence of an order of confirmation of the sale,—but they have been covered by previous decisions of this Court, or by what has been said above respecting the estoppel, and need not be particularized here: *King v. Harrington*, 14 Mich. 532; *Vaughn v. Nims*, 36 Mich. 297.

The judgment must be affirmed; and, as this is an action of ejectment, the cause must be remanded to the circuit.

The other Justices concurred.

---

[1] As to necessity of certificate, see *Thompson v. Clay*, 60 Mich. 627