[No. 2905.   Feb. 16, 1926.]

BOWERS v. BRAZELL.

[244 Pac. 893.]

### SYLLABUS OF THE COURT.

1.   In a suit to vacate a decree for fraud, allegations that plaintiff's residence was known in the county, was written upon the tax rolls, and in the possession of the county treasurer, do not charge fraud in the making by defendant's attorney of an affidavit for service by publication in which he states that plaintiff's residence is unknown.

2.   Under section 4095, Code of 1915, an affidavit stating the fact of nonresidence on information and belief is sufficient to support jurisdiction on service by publication.

3.   To charge fraud in a decree quieting a tax title, in that evidence that the tax had been paid was suppressed, necessary to allege knowledge of the fact of payment or that some document necessary to prove title would disclose it.

Appeal from District Court, Union County; Leib, Judge.

[1] 34CJ p. 491 n. 33.   [2] 32Cyc p. 480 n. 40.   [3] 34CJ p. 491 n. 33

Suit by Vada Bowers against James Brazell to quiet title   Judgment for defendant, and plaintiff appeals. Affirmed.

D. A. Paddock, of Clayton, for appellant.

O. P. Easterwood, of Clayton, for appellee.

OPINION OF THE COURT.

WATSON, J.   A former appeal of this cause is reported as Bowers v. Brazell, 205 P. 715, 27 N. M. 685, where the facts will be found stated. Necessary additional facts will be stated as we proceed.

The first decision held the complaint insufficient as an attack on the decree for fraud in its procurement. It was there particularly pointed out:

"No allegation is made in the complaint that appellant had knowledge of appellee's residence, nor suppressed the notice of the case and prevented such notice from reaching the appellee."

[1] After the case had been remanded, the complaint was amended. The new allegations are, in substance: (1) That the service by publication was void because the affidavit, copy of which is set forth, was on information and belief; (2) that the affidavit was a fraud on the court, "for the reason that the address and whereabouts of this plaintiff (defendant therein) was known in Union county, N. M., was written upon the tax rolls of Union county, N. M., at the time this affidavit was made, and was in the possession of the treasurer of the said county, in connection with the payment of the taxes on the land herein sued upon"; (3) that the decree was void because it appears on its face to have been taken on the pleadings, by means of which procedure evidence, which would have shown the invalidity of the claimed tax title was fraudulently suppressed.

The amended complaint was demurred to as not setting forth a cause of action, in that it appears therefrom that there was sufficient service, and that no fraud was alleged therein. Other grounds of the demurrer it is not necessary to notice. The demurrer

was sustained by the court, and plaintiff (appellant) refusing to plead further, judgment was entered dismissing the complaint.

The affidavit for publication, referred to and made a part of the amended complaint, is in the following language:

"C. L. Collins, being first duly sworn, upon his oath deposes and states that he is one of the attorneys for the plaintiff in the above-entitled cause, and that the defendants above named, according to the information and belief of affiant, are nonresidents of the state of New Mexico, residing outside the limits of the said state of New Mexico, and that their present places of residence are unknown to affiant."

Appellant contends that the new allegations charge fraud in the making of the affidavit, wherein it was deposed that affiant did not know the present places of residence of the defendants. The essential allegation pointed out, as above stated, in the former opinion, is still lacking, but appellant relies on her allegations that her place of residence was known in Union county, and was written upon the tax rolls of that county.

It is appellant's theory that facts are to be pleaded rather than conslusions. The theory is correct, but we think her application of it is wrong. It is urged that to have pleaded that the affiant had actual knowledge, or reasonably accessible means of knowledge, of appellant's residence would have been to plead a conclusion. With this we cannot agree. That was the essential ultimate fact. The facts pleaded were merely probatory or primary. The conclusion of fraud in the suppression of notice need not, and probably should not, be pleaded. The ultimate facts should be. From the ultimate fact the conclusion would follow. The facts pleaded are material and relevant to the establishment of the ultimate fact, but they do not of themselves support a conclusion of fraud. We are therefore compelled to hold that the amended complaint before us fails to make out a case of fraud in procuring a decree by suppressing notice of the proceedings.

Appellant contends that the service was void because the fact of nonresidence was stated merely on infor-

mation and belief, and that, since the court never acquired jurisdiction, the decree is void.

This attack on the decree, unlike that already disposed of, is not for fraud. The success of the first requires pleading **and proof of the falsity** of the statement of the affiant that appellant's residence was unknown. Here the fact that appellant was not a resident of the state is admitted by the complaint. Sole reliance is placed upon the proposition that a jurisdictional fact, though true, was not proven.

The objection which appellant makes to the affidavit is that it is hearsay and affords no proof of the essential fact of nonresidence.

[**2**] The controlling statute (section 4095, Code 1915) provides:

"When any plaintiff, his agent or attorney　*　*　*　shall file a sworn pleading or affidavit showing that any defendant resides or has gone out of the state,　*　*　*　it shall be the duty of the clerk of said court to publish a notice of the pendency of the said cause.　*　*　*."

It is not required, as in many states, that the fact of nonresidence shall be made to appear to the satisfaction of the court, whereupon an order shall be made for the publication. It does not seem to be the fact of nonresidence of the defendant that is jurisdictional. It is the filing of the affidavit showing that fact by one qualified under the statute. So, if we find such an affidavit filed, the jurisdiction must be conceded. Appellant's contention is thus reduced to the proposition that the fact, stated on information and belief, is not "shown."

It is often difficult to determine the place of one's residence, even when all facts are known, testified by those having personal knowledge of them. It can seldom be the case that a positive statement of the fact of residence can be in reality more than a conclusion, opinion, or belief, based upon information. This is true in greater degree of the negative fact of nonresidence. So the statute, in requiring that the affidavit "show"

nonresidence, deals with something in its nature capable
of being shown, in most cases at least, on informa-
tion and belief only. When we note that the affidavit
may be filed only by the plaintiff, or his agent or at-
torney, we have further evidence that the Legislature
could not have contemplated that one of these must
be able to depose in positive terms. So to have re-
quired would have resulted either in the necessity for
reckless swearing or in unduly limiting, if not entirely
preventing, the operation of the statute.

Appellant admits that a diversity of opinion is found
in the decisions, but contends that, according to the
better reasoned, nonresidence stated merely on infor-
mation and belief is insufficient. Of the cases cited
at 32 Cyc., ''Process,'' § 480, she relies upon Romig v.
Gillett, 23 S. Ct. 40, 187 U. S. 111, 47 L. Ed. 97; Feikert
v. Wilson, 37 N. W. 585, 38 Minn. 341, Corson v. Shoe-
maker, 57 N. W. 134, 55 Minn. 386.

In Romig v. Gillett the United States Supreme Court
held only that the sheriff's return ''not served'' was
not a showing of due diligence under the Oklahoma
statute, requiring an affidavit stating that the plaintiff
could not, with due diligence, make service within the
territory. The decision of the same case in the territo-
rial Supreme Court of Oklahoma, reported in 62 P. 805,
10 Okl. 186, seems, however, to support appellant's
view. In Feikert v. Wilson, the Minnesota Supreme
Court held that the fact that defendant had property
within the state could not be stated on information
and belief in an affidavit required as the basis for ser-
vice by publication. The court seems to distinguish
the statute there involved, which required the fact to
be ''stated'' from statutes requiring the fact to be
''shown.'' Corson v. Shoemaker did not involve the
question here under consideration.

It has been held, undoubtedly in many cases, that
the positive averment that the defendant is not a resi-
dent of the state is insufficient, if unaccompanied by a
showing of the information or knowledge on which

such conclusion is based. See case note, 37 L. R. A.
(N. S.) 206. However, a careful reading of the note
cited discloses that in most, if not all, of the jurisdic-
tions there represented the essential requirement of
the statute is a showing that the defendant cannot,
with due diligence, be found or served within the state.
Of course, a mere averment on information and belief
that a defendant is a nonresident of the state is no
showing of diligence in attempting to find him. The
New Mexico statute specifies no degree of diligence,
and, in fact, by its terms, requires none whatever. In-
ability to make service within the state is to be pre-
sumed from the fact of nonresidence. The refusal of
many courts to accept a positive statement of nonresi-
dence is thought to illustrate the point we have sought
to make. A statement admittedly on information and
belief is as convincing as a positive statement which,
in the nature of the case, can be no more than opinion
or conclusion. As stated in Colton v. Rupert, 27 N. W.
520, 60 Mich. 318:

"Good practice requires that the name of the informant, or
the source from which the information is derived, should be
stated, not as affording any additional weight to the affidavit
as evidence, but as a safeguard and check against false and
reckless swearing."

Our statutory procedure regulating service by pub-
lication is loose as compared with those of other juris-
dictions coming to our attention. It no doubt lends itself
readily to abuse. That there has been any great abuse
of it in this state is to be doubted. We find nothing
in our reports to indicate it. While the statute is un-
questionably to be strictly construed and strictly fol-
lowed, we do not think it within our province to read
into it or to add to it what the Legislature has omitted.
It has been in force, in substance as at present, since
1874. Many titles have been settled under it. Divorces
have been granted under it. What has been done in
the past should not be unsettled by imputing to the
Legislature an intent not expressed. If it be thought
that sound policy, for the prevention of fraud and the
protection of the property rights of nonresidents, de-

mands a reform in our procedure, any additional requirements should have prospective application only.

Holding the affidavit sufficient under our statute to support the service by publication and, hence, the jurisdiction to render the decree attacked, we cite the following decisions as generally supporting our views here expressed: Hannas v. Hannas, 110 Ill. 53; Malaer v. Daron, 31 Ill. App. 572; Pettiford vs. Zoellner, 8 N. W. 57, 45 Mich, 358; Colton v. Rupert, 27 N. W. 520, 60 Mich. 318; Leigh v. Green, 86 N. W. 1093, 62 Neb. 344, 89 Am. St. Rep. 751, reported on rehearing 90 N. W. 255, 64 Neb. 533, 101 Am. St. Rep. 592, and affirmed 24 S. Ct. 390, 193 U. S. 79, 48 L. Ed. 623; Smith v. Collis, 112 P. 1070, 42 Mon. 350, Ann. Cas. 1912A, 1158; Jotter v. Marvin, 189 P. 119, 67 Colo. 548.

[**3**] Appellant contends that the decree is void because of fraudulent suppression of evidence. It is alleged in the amened complaint—

"that the said decree was and is void for the further reason that it shows upon its face that it was taken on the pleadings and no proof of the alleged title made, which was a fraud upon the court of Union county, N. M., and upon this plaintiff, because thereby evidence of the illegality and nullity of the plaintiff's alleged title in cause No. 4157 was suppressed from the court."

Appellant points to the fact that the decree recites that it was rendered on motion for judgment on the pleadings. Appellee points to a recital therein that the court has "read and considered all the pleadings and proof in said cause." We do not think it is to be inferred from these recitals that the court neglected to satisfy itself by proof of the validity of appellee's asserted title. We infer, rather, that the decree inadvertently recites a motion for judgment on the pleadings instead of one for judgment as upon default. However the fact may be as to that, it is of importance in this proceeding only as it might evidence the suppression by appellee of the alleged fact that the taxes upon which title rested had been paid. But it is not alleged that appellee or his counsel had any knowledge of that fact, nor that any document necessary to prove the

title discloses it. We can see no justification in the amended complaint for any inference that a fraud was perpetrated upon the court, or upon the appellee through the suppression of evidence.

We have given this case careful consideration because of the claim that the tax resulting in the loss of appellant's property had in fact been paid. That being true, appellant has suffered a hardship and an injustice, a remedy for which we should wish to afford. But, as pointed out in the former opinion of this court, the validity of appellee's title was settled in the former suit. We are concerned now only with the validity of the decree establishing that title. Appellant has sought to attack it on the ground of fraud and lack of jurisdiction, but has not, as we are convinced, by her amended complaint set forth facts sufficient to constitute a cause of action. It follows that the demurrer was properly sustained. The judgment must be affirmed, and it so ordered.

PARKER, C. J., and BICKLEY, J., concur.