356 P.2d 443

**Jose F. ARCHULETA and Pablo Archuleta, Ernestina Archuleta, Cruz Archuleta, Margarito Archuleta, Juan Archuleta and Donaciano Archuleta, minors, by Jose F. Archuleta, their next friend, Plaintiffs-Appellants,**

**v.**

**J. H. LANDERS, Defendant-Appellee.**

No. 6590.

Supreme Court of New Mexico.

Oct. 28, 1960.

Donald A. Martinez, Las Vegas, for appellants.

Noble & Noble, Las Vegas, for appellee.

GEORGE T. HARRIS, District Judge.

Appellants, plaintiffs below, filed their complaint in the lower court on the 16th day of November, 1955, seeking to have

set aside and declared null and void the decree theretofore entered in a previous cause, which was a suit to quiet title. The grounds on which they sought to have the decree in said quiet title cause set aside were that the same had been obtained by fraud and misrepresentation practiced on the court and improper service of process upon certain minor defendants, who were parties plaintiff in the cause below and are appellants here. Thereafter, on July 30, 1957, appellee, defendant below, filed his motion to dismiss the complaint on the grounds that it failed to state a claim upon which relief could be granted in the following particulars:

"(a) The Complaint on its face shows that it seeks to set aside and vacate a final judgment and Decree of this Court rendered in cause No. 14900 in the District Court of San Miguel County, New Mexico.

"(b) That this Court will take judicial notice of its own judgments and decrees; that the Final Decree and Judgment was entered in Cause No. 14900 on June 7, 1952.

"(c) That Rule 60–b of the Rules of Civil Procedure binding on this Court prohibits the bringing of an action to relieve against a judgment, order or proceeding on the ground of fraud, misrepresentation or other misconduct of an adverse party except the same to be brought within one year from the date of the entry of such order, judgment or decree, and that said action herein is limited to one year from the date of the entry of said judgment or decree.

"(d) That the Complaint herein shows on its face that more than one year elapsed after the entry of said final Decree in Cause No. 14900 and prior to the bringing of the action herein, and that the action herein is barred."

The matter was thereafter set for hearing, and after the hearing, was taken under advisement by the court. On February 5, 1959, an order was made and entered dismissing the complaint. From this order appellants appeal.

The allegations of plaintiff's complaint upon which the dismissal was based discloses briefly and substantially the following facts: On or about April 24, 1952, one Alfonso Baca, Sr., now deceased, filed a suit to quiet title to certain real property situated in San Miguel County, which property included that involved here, being the East Half of the Southeast Quarter of Section 25, Township 15 North, Range 20 East. The individual plaintiff here, Jose F. Archuleta, was in actual possession of the property and was personally served with process in said prior quiet title suit.

The minors, however, who appear as plaintiffs in this case by their next friend, Jose F. Archuleta, were and are the heirs at law of Donaciano Archuleta and claim a one-fifth interest in the 80 acres involved herein, were not named as parties defendant in No. 14900. Substituted service was obtained upon them in that case by publication as the "unknown Heirs of Donaciano Archuleta, Deceased." Donaciano Archuleta had died prior to the institution of No. 14900.

It is alleged that Alfonso Baca, Sr., plaintiff in the quiet title suit, knew the identity of the minor heirs of Donaciano Archuleta and that he perpetrated a fraud upon the court in that case in not designating them by name, and in obtaining substituted service upon them; that Jose F. Archuleta was in possession of the property at the inception of 14900, that his interest in the land was known to the plaintiff therein, Alfonso Baca, Sr., and that Baca's allegation that the claimed adverse interest of Archuleta was unknown to him, was untrue and was a fraud upon the court; that the description of the lands involved herein was, in cause 14900, described with numerous other tracts and parcels of land and under larger areas, without being separately and distinctly described and that by reason thereof, defendants therein were deceived and misled and caused to default in appearance.

The complaint finally attacks the jurisdiction of the court in No. 14900, in the following language:

"10. That the Court in said cause No. 14900 was without jurisdiction to quiet title in and to the property in said cause insofar as the case included the property described and set forth in paragraph one (1) hereof for the reason that, at all times material thereto, the same was in the possession, use and occupation of the plaintiff Jose F. Archuleta, and the said Alfonso Baca, Sr., had an adequate remedy at law, by ejectment to assert any claim he had therein and thereto, but, notwithstanding he knew of the possession of said plaintiff, said Alfonso Baca, Sr., nevertheless failed to reveal the same to the court in cause No. 14900 and thereby fraudulently induced the court to assert jurisdiction over said cause."

We first consider the jurisdictional question, namely, whether possession by the defendant deprives a court of equity of jurisdiction to quiet title in favor of a plaintiff out of possession.

We do not know, and appellants do not point out in their brief, in what manner the failure of plaintiff to allege possession by the defendant, Jose F. Archuleta, constitutes a fraud on the court in the suit to quiet title. This court, in Kna-

bel v. Escudero, 32 N.M. 311, 255 P. 633, and Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711, 715, held that it is not necessary to allege possession by a defendant in a suit to quiet title. In Quintana v. Vigil, supra, we quoted from and commented on the decision in Knabel v. Escudero, supra, so that we deem it unnecessary here to quote at length from both decisions. In Quintana v. Vigil, supra, we quoted from the former decision, as follows:

"If the defendants are in possession and the plaintiff out of possession, it would seem to be a matter of defense for them to show that fact, thereby securing to themselves the right of jury trial. * * *"

This court then went on to say that it is not every case in which an adequate remedy at law prevents jurisdiction in equity and said that the legislature may enlarge the equity jurisdiction of a court of equity. In regard to suits to quiet title it was said:

"We then pointed out that two distinct principles are involved in the question at issue, the first being that equity has no jurisdiction where there is a complete and adequate remedy at law, *but that this doctrine in no manner limits the power of the legislature to enlarge this jurisdiction to authorize the maintenance of suits to quiet title whether or not there is an adequate remedy at law.* We held that it had done so by the amendment of our statute authorizing a suit to quiet title by a plaintiff whether in or out of possession. 1929 Comp.St. § 105–2001. * * *" (Emphasis ours.)

This court held that the right of trial by jury is guaranteed by the Constitution under certain circumstances and as applied to a suit to quiet title a person cannot be deprived of possession of real estate, of which he claims title, except by jury trial, but said: "This right may, of course, be waived."

We then said that if a defendant desires to avail himself of the constitutional right it is his duty to assert the right in some appropriate form.

We said:

"Under the very language of the opinion in Knabel v. Escudero, equity has an enlarged jurisdiction by virtue of our statute to try a suit to quiet title even though admittedly there is an adequate remedy at law provided always, of course, a proper and timely claim to jury trial is not made by a defendant in possession. To put it differently, a defendant in possession may waive his right to a jury trial, a fact recognized in the opinions both in Pankey v. Ortiz [26 N.M. 575, 195

P. 906, 30 A.L.R. 92] and Knabel v. Escudero."

■ Here it is admitted that the plaintiff to this action (defendant in Cause No. 14900) was personally served in that cause and did not appear in said cause. There was no timely or appropriate demand for a jury trial and any right such defendant may have had to a jury trial was waived.

This contention of the appellant is without merit.

■ It will be remembered that the order of the district court was one sustaining defendant's motion to dismiss because the complaint failed to state a cause of action. It becomes important, then, at the outset, to analyze the complaint in the instant case to determine what allegations were made or omitted and to determine whether those made in fact state a cause of action. And we must assume that all the factual allegations of the complaint are true. This requires a separate analysis of that portion of the complaint pertaining to the claim of plaintiff Jose F. Archuleta individually and the remaining portions thereof pertain to the claim of those plaintiffs for whom he appears as next friend; and our analysis will be made in that order.

The complaint alleges that Alfonso Baca, plaintiff in Cause No. 14900, knew that Jose F. Archuleta was in possession of the 80 acre tract in question here and

that he made a claim to the land. It is alleged that Jose F. Archuleta was made a party to Cause No. 14900 by name and was personally served with process in that cause. It is admitted that Archuleta did not file an answer or otherwise plead in said Cause No. 14900.

His only excuse for not appearing in Cause No. 14900 is that the E½ of the SE¼ of Section 25 was described in Cause No. 14900 together with numerous other tracts and was not separately described.

■■ Certainly this court will not say that, in describing a large tract in a suit to quiet title the combining of smaller legal subdivisions into larger subdivisions, in any way shows a fraudulent intent by the plaintiff or his attorney to mislead. It is customarily done and does not connote any intention to misrepresent, nor is it any evidence whatever of any intent to deceive or defraud. It is admitted the complaint in Cause No. 14900 stated on its face that plaintiff believed that defendant Archuleta made some claim. If he in fact did have a claim, he was bound, under our rules of procedure, to set that claim forth in a pleading in that cause.

■ As to the remaining plaintiffs it is alleged that Alfonso Baca, plaintiff in 14900 and appellee's predecessor in title, knew the identity of the minor Archuleta children and failed to name them in the quiet title suit as individual defendants. The com-

plaint charges fraud by reason of such knowledge and failure. We rejected a similar contention in Bowers v. Brazell, 31 N.M. 316, 244 P. 893, 894, a suit to quiet title in which a non-resident defendant served by publication sought to set aside a decree as against the original plaintiff to the action. There an affidavit was made by plaintiff's attorney on information and belief that the defendant was a non-resident and his whereabouts could not be ascertained.. This court said:

"It is often difficult to determine the place of one's residence, even when all facts are known, testified by those having personal knowledge of them. It can seldom be the case that a positive statement of the fact of residence can be in reality more than a conclusion, opinion, or belief, based upon information. This is true in greater degree of the negative fact of nonresidence. So the statute, in requiring that the affidavit 'show' nonresidence, deals with something in its nature capable of being shown, in most cases at least, on information and belief only. When we note that the affidavit may be filed only by the plaintiff, or his agent or attorney, we have further evidence that the Legislature could not have contemplated that one of these must be able to depose in positive terms. So to have required would have resulted either in the ne-

cessity for reckless swearing or in unduly limiting, if not entirely preventing, the operation of the statute."

We said in Bowers v. Brazell, supra, regarding the allegation or affidavit of residence:

"The New Mexico statute specifies no degree of diligence, and, in fact, by its terms, requires none whatever."

That statement is equally applicable to the requirement that the heirs of deceased persons alleged to have made a claim during their lifetime be made parties by name if known.

The attack in the Bowers case was for fraud in the procurement of the decree. The court held the affidavit sufficient to support service by publication. The court then called attention to the fact that our statute is not as strict as those of some other states. We said:

"* * * While the statute is unquestionably to be strictly construed and strictly followed, we do not think it within our province to read into it or to add to it what the Legislature has omitted. It has been in force, in substance as at present, since 1874. Many titles have been settled under it. Divorces have been granted under it. What has been done in the past should not be unsettled by imputing to the Legislature an intent not expressed. If it be thought that sound

policy, for the prevention of fraud and the protection of the property rights of nonresidents, demands a reform in our procedure, any additional requirements should have prospective application only."

In Bowers v. Brazell, supra, it was contended the affidavit for substituted service was insufficient and the judgment should be vacated. There were two appeals of the Bowers case. The first is reported in 27 N.M. 685, 205 P. 715. A dismissal of the complaint was affirmed in the first appeal and thereafter the complaint was amended to allege that the whereabouts of the defendant was generally known in the county and specifically shown on the tax roll. In the second appeal this court referred to the first decision and said:

"The first decision held the complaint insufficient as an attack on the decree for fraud in its procurement. It was there particularly pointed out:

" 'No allegation is made in the complaint that appellant had knowledge of appellee's residence, nor suppressed the notice of the case and prevented such notice from reaching the appellee.' "

The court then went on to point out the amendment of the complaint, after the first decision, alleging that defendant's whereabouts were generally known in the county and specifically shown on the tax roll, and said:

"Appellant contends that the new allegations charge fraud in the making of the affidavit, wherein it was deposed that affiant did not know the present places of residence of the defendants. The essential allegation pointed out, as above stated, in the former opinion, is still lacking, * *."

In Bowers v. Brazell, supra, the independent action to vacate the judgment to the suit to quiet title was brought by a defendant to that suit and against the plaintiff who secured that judgment, while that plaintiff still had title in the real estate. It will be noted the court, in the first opinion, reaffirmed in the second, squarely held that it must be made to appear by a direct allegation that appellee (the defendant in the independent action to vacate the former judgment) had knowledge of the alleged fraud. Significantly, the complaint in the instant case is silent as to appellee's knowledge of any facts and circumstances of fraud in the former case.

It is our view that the rule as to notice enunciated in Bowers v. Brazell should be extended and made to apply with equal effect to purchasers without knowledge of the fraud. See 3 Freeman on Judgments, 1211 and 1212. We hold that the charge of knowledge of the plaintiff

in Cause No. 14900 is not sufficient under the facts here alleged but that there must be a direct allegation of appellee's knowledge of the fraud charged. Appellee is not chargeable, under the allegations of the complaint, with knowledge of the alleged fraud ' by his predecessors in title. To hold that he is, would make decrees in suits to quiet title, regular on their face, unstable, meaningless and wholly unreliable.

It will be noted that there is no allegation in the complaint that the appellee, Landers, was not a purchaser in good faith, for a valuable consideration. The rule is so well established as to need no citation of authority, that there is a presumption that consideration was paid and that the purchaser acted in good faith.

The Supreme Court of Oklahoma in Pettis v. Johnston, 78 Okl. 277, 190 P. 681, where an action was brought to vacate a decree against a purchaser for value without knowledge of a false return of service to an officer, held that the decree could not be vacated against such purchaser even though a default judgment was taken against a defendant upon a false return of service by an officer. The court, at 190 P. 692, said:

"Bona fide purchasers of property sold under a judgment not void on its face, as herein defined, will be protected against either a motion to vacate or a bill in equity to annul or evade such judgment, although extrinsic evidence would show that the officer's return of service of summons was false, or that the recital of service of process in the judgment was untrue. As pointed out, those courts excluding extrinsic evidence to show want of jurisdiction for lack of service of process do so not because a judgment without service is' good, but because public policy will not permit the introduction of extrinsic evidence to overcome that which it treats as absolute verity."

The Oklahoma court then went on to say:

"A purchaser who is not a party to the proceedings is not bound to look beyond the judgment, if the facts necessary to give the court jurisdiction appear on the face of the proceedings. If the jurisdiction has been improvidently exercised, it is not to be corrected at the expense of one who had the right to rely upon the order of the court as an authority emanating from a competent source."

Again the court said:

"If the purchaser under such judgment, not void on its face, had no notice of the falsity of the officer's return or the recital of service in the judgment, and pays a valuable con-

sideration, relying upon the face of the record, his rights are superior to the defendant's."

In Baldwin v. Mayor, 188 Okl. 272, 108 P.2d 132, 134, it was said:

"As it is not claimed that the alleged defects in the service were fatal to the court's jurisdiction and the time had expired for reversing its decision as to the sufficiency of the service, strangers to the proceedings without actual notice of the falsity or error of such recital had every right to rely thereon in purchasing for a valuable consideration a title based thereon."

In the instant case, since there is no allegation of anything appearing on the face of the judgment in the suit to quiet title or in the proceedings in that action, what was there to call to the attention of appellee, as a purchaser, any alleged defect in such proceedings? There is no allegation here of any collusion between appellee and Alfonso Baca or anyone else. Appellee was a stranger to the title without notice or knowledge of any defect therein and had a right to rely on the judgment in Cause No. 14900.

The courts have held, so far as we have found, without exception, that a judgment will not be vacated so as to affect a purchaser of the property without notice of a defect. As was said in Baldwin v. Mayor, supra:

"If, as counsel's argument naturally infers, the defects complained of were not fatal to the validity of the judgment but were sufficient merely as ground for reversal on appeal, then how would they impart notice that the judgment was a nullity long after the judgment was entered and the period for appeal had expired?"

Appellants do not seriously question the authorities that equitable relief will not be granted as against an innocent third person who, in good faith, has acted on the faith of the challenged judgment. Appellants merely say that whether or not this is a correct statement of the law is immaterial here because the appellee has not been in possession of the disputed tract. That contention is without merit since the complaint alleges that appellant Jose F. Archuleta is in possession and admits that he was made a party of the quiet title action by name, was personally served and judgment was rendered against him. Nowhere is there any claim that the minor appellants have ever been in possession.

Appellant's complaint fails to state a cause of action. The judgment of the lower court should be affirmed and it is so ordered.

COMPTON, C. J., and CARMODY, MOISE, and CHAVEZ, JJ., concur.