SOUTHERN PAC. R. CO. v. GOODRICH et al., (two cases.) SAME v. MALCOLM. SAME v. NORTON. SAME v. GREEN.

(Circuit Court, N. D. California. May 22, 1893.)

QUIETING TITLE—PLEADING.

 In federal courts, sitting in states where the local statutes have dispensed with possession by complainant as a prerequisite to maintaining the suit, a bill in equity to quiet title to land is demurrable, which fails to

allege affirmatively either that plaintiff is in possession, or that both complainant and defendant are out of possession.

In Equity. Bills by the Southern Pacifi: Railroad Company against Goodrich and others to quiet title to land. Respondents demur. Demurrer sustained.

Joseph D. Redding, for complainant.

S. F. Leib, for respondents.

McKENNA, Circuit Judge, (orally.) This is a bill in equity to quiet title to certain real estate. The bill alleges the incorporation of the company, and contains the usual allegations of the grant of the land to complainant by the act of July 27, 1866, and that it is within 20 miles of said road, and not reserved, and that the United States had full title thereto, and that it was free from pre-emption or other rights; that the company had filed its map of definite location, and built its road, which was accepted, and that it had performed all other conditions required to earn the land, and entitle it to a patent; that respondent, unknown to complainant, but subsequent to the filing of the map of definite location, made a location upon said land as lieu land, in lieu of a 36 section of school land; that said land was afterwards awarded to respondents by the state of California, and a patent issued to them, by virtue of which they claim the land, which is alleged to be worth $5,000, and over; that complainant had repeatedly applied to the commissioner of the general land office and to the president for a patent, but they refused, and complainant has repeatedly and in a friendly manner applied to respondents to convey said land to complainant; and that the patent from the state constitutes a cloud on the title. Respondents demur to the bill, on the ground, among others, that complainant's remedy, if it have any, is at law, and not in equity. ·

Section 723 of the Revised Statutes, repeating the sixteenth section of the judiciary act of 1789, provides "that suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may· be had at law." The supreme court, commenting on this section, said substantially in Hipp v. Babin, 19 How. 278, that whenever a plaintiff can proceed at law he must, because the defendant had a constitutional right to a trial by jury. Can the plaintiff in this case proceed at law? In Salt Co. v. Tarpey, 142 U. S. 241, 12 Sup. Ct. Rep. 158, it was decided that a grant of the kind described in the bill was one in praesenti and of the legal title. See, also, Railroad Co. v. Amacker, 1 C. C. A. 345, 49 Fed. Rep. 529, and Railroad Co. v. Wright, (in circuit court of appeals in this circuit, Jan. 16, 1893,) 4 C. C. A. 193, 54 Fed. Rep. 67. The plaintiff, therefore, has the legal title, and, if the defendants are in possession of the land, it can sue at law. Under a precisely similar grant, ejectment was maintained in Salt Co. v. Tarpey, supra. It is said in Whitehead v. Shattuck, 138 U. S. 150, 11 Sup. Ct. Rep. 276, if plaintiff is the owner in fee of the premises, it can establish that fact in an action at law, and, if the evidences of defendant's title are void, that fact plaintiff can also

show. There is no occasion for resort to a court of equity, either to establish its right to the land, or put it in possession thereof.

But the bill does not show that defendants are or are not in possession, and therefore does not show that an action at law can or cannot be maintained. Does it therefore show that an action in equity can be? Prior to the enactment of local statutes dispensing with possession in the plaintiff in actions to quiet title, the conditions of a suit in the federal courts were the legal title and possession. Since the enactment of such statutes, the legal title is still necessary. The local statutes have been interpreted by the supreme court in Frost v. Spitley, 121 U. S. 557, 7 Sup. Ct. Rep. 1129; Holland v. Challen, 110 U. S. 15, 20, 3 Sup. Ct. Rep. 495; and Whitehead v. Shattuck, 138 U. S. 150, 11 Sup. Ct. Rep. 276, supra. In Frost v. Spitley, commenting on the Nebraska statute, the court say:

"By reason of that statute, a bill in equity to quiet title may be maintained in the circuit court of the United States for the district of Nebraska by a person not in possession, if the controversy is one in which a court of equity alone can afford the relief prayed for."

"The requisite of the plaintiff's possession," the court says, "is thus dispensed with, but not the other rules which govern the jurisdiction of courts of equity over such bills."

The rule which was insisted on in this case was the legal title in plaintiff.

Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. Rep. 495, was also a suit to quiet title for what the bill described as wild and unoccupied land. Neither party, therefore, was in possession. The court, following the local statute of Nebraska, which enables a plaintiff to sue, though not in possession, sustained the bill. To the objection that, by entertaining the suit, controversies properly cognizable in a court of law will be drawn into a court of equity, it was replied:

"There can be no controversy at law respecting the title or right of possession of real property when neither party is in possession. An action at law, whether in the ancient form of ejectment, or in the form now commonly used, will lie only against a party in possession. Should suit be brought in the federal court, under the Nebraska statute, against a party in possession, there would be force in the objection that a legal controversy was withdrawn from a court of law; but that is not this case, nor is it of such cases we are speaking."

In Whitehead v. Shattuck such a case did arise. It was also an action to quiet title, and the plaintiff alleged he was the owner of the premises, and that the defendant claimed them under a patent of the United States, and was in possession. It was decided that he had a plain, speedy, and adequate remedy at law. The action was brought in Iowa, and the Code of the state authorized an action to be brought to determine and quiet the title to real property by any one having an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession; but the court refused to follow the statute. It held that, while this statute enlarged the powers of the courts of equity of the state, it could not enlarge the powers of the federal courts, or annul the force of the law of congress declaring

v.57F.no.8—56

that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law," or the constitutional right of parties in actions at law to a trial by jury. It is hardly necessary to say that the California Code has no greater powers than the Iowa Code to give jurisdiction to federal courts in equity. These cases, therefore, must be held to establish that to sustain a suit in equity to quiet title in the federal courts, when the plaintiff is out of possession, the defendant must also be out of possession; in other words, the land must be unoccupied land.

In this case we have seen the bill has no allegations of possession in either the plaintiff or the defendants, and this, it is claimed, distinguishes the case from Holland v. Challen, in which it appeared that the defendant was not in possession, and from Whitehead v. Shattuck, in which it appeared that he was. But the essentials of jurisdiction are defined in those cases, and, being essential, must be alleged. The remedy in equity is the alternative to the want of a remedy at law; hence it is not enough to show that the plaintiff may not have, but it should appear that he actually has not, a plain, adequate, and complete remedy at law. Van Wyck v. Knevals, 106 U. S. 360, 1 Sup. Ct. Rep. 336, cited by counsel for the complainant, is not necessarily antagonistic to these cases. If it is so, it must be deemed to be overruled by them. The plaintiff in that case derived title through an act of congress to a railroad company granting it certain land. The defendant claimed under a patent of the United States. It was held that the latter was a cloud upon plaintiff's title, but neither counsel nor the court gave any attention to the question of possession, or its effect on the jurisdiction of the court. The later cases are explicit in this regard, and show that the remedy at law is complete.

The case of Railroad Co. v. Stanley, 49 Fed. Rep. 263, decided by Judge Ross, in the circuit court of the southern district, does not militate with the views which I have expressed. The bill in that case alleged a grant to the Texas Pacific Railroad Company of the land in controversy, and that the defendant asserted title under a patent from the state. The defendant demurred, on the grounds that complainant did not have legal title, and did not show that it was in possession. These grounds were held, and correctly held, to be insufficient. From aught that appears, however, the defendant may have been also out of possession, and the condition of federal jurisdiction complete.

The demurrer will be sustained, and on the ground alone that I have stated. The other grounds are not passed upon.

This will apply to the cases of Southern Pacific Railroad Company v. Goodrich; Southern Pacific Railroad Company v. Malcolm; Southern Pacific Railroad Company v. Norton; and Southern Pacific Railroad Company v. J. E. Green.

Mr. Redding: I should like 30 days, if your honor please, to amend, so as to make that allegation sufficient. The Court: Is

there any objection to that? Mr. Lieb: No, sir. Mr. Redding: As I understand the ruling of the court, it is that we fail to allege that the defendant was not in possession, and that is the reason of the sustaining of the demurrer. The Court: The ruling of the court is that as the complaint does not show complainant is in possession, nor show that both it and respondent are out of possession, it does not show jurisdiction in equity. Mr. Redding: That was exactly the method that the bill was framed upon,—that neither plaintiff nor defendant is in possession. It is not alleged that the plaintiff or defendant is in possession. The Court: You may amend to allege that the complainant and defendant are both out of possession. Mr. Redding: I understand that the bill does al'ege that now. That was the intention of the bill,—that neither the plaintiff nor defendant was in possession. It is not alleged that either the plaintiff or defendant was in possession. The Court: There is an absence of allegation. The court holds there must be a presence of allegation showing the conditions of jurisdiction. Mr. Redding: I will take 30 days to amend to put the allegation in the affirmative that neither the plaintiff nor defendant is in possession. The Court: Then the other points of the demurrer will be passed upon.