## ST. LOUIS MINING & MILLING CO. OF MONTANA v. MONTANA MINING CO., Limited, et al.

### (Circuit Court, D. Montana. October 2, 1893.)

### No. 292.

1. INJUNCTION—WHEN ISSUED—MINING CLAIMS—ACTION AT LAW.
   In the federal courts an interlocutory injunction may be granted, restraining the mining of valuable ores pending an action at law to determine the legal title, when such title is in dispute. Erhardt v. Boaro, 5 Sup. Ct. Rep. 565, 113 U. S. 537, followed.

2. SAME—EQUITABLE TITLES.
   The legal title is not "in dispute," however, within the rule requiring the institution of an action at law, when complainant shows a conveyance from the government patentee, and defendants merely claim under a contract to convey, made by such patentee, which is merely an equitable title; and in such case the court may issue an interlocutory injunction pending the determination of the title by suit in equity.

3. SAME—ACTS TO BE ENJOINED—CERTAINTY OF DESCRIPTION.
   An injunction will not issue to restrain the removal of ores from disputed ground between mining claims, when neither the bill nor any affidavit or other evidence fixes the point where defendant must stop. The court will not in terms enjoin defendants from working any vein having its apex in complainant's claim, for this would require defendants to ascertain from what acts they are enjoined.

4. SAME—EXPLORATION OF MINING GROUND.
   The working of disputed mineral ground for purposes of exploration only, will not be enjoined.

5. ESTOPPEL—BY DEED.
   The equitable title acquired by the vendee of lands under a contract to convey cannot work an estoppel to the assertion of the legal title by a third person to whom the vendor has conveyed it.

In Equity. Suit by the St. Louis Mining & Milling Company of Montana against the Montana Mining Company, Limited, Rawlinson T. Bayliss, Alexander Burrell, Joseph Harvey, Isaac Warren, Nicholas Francis, John Jewell, and Thomas Howkins, to enjoin the extraction of ores from ground claimed by complainant. Injunction denied, and restraining order dissolved.

McConnell, Clayberg & Gunn and Toole & Wallace, for complainant.

Cullen & Toole, for defendants.

KNOWLES, District Judge. Complainant brings this suit for the purpose of enjoining defendants from extracting certain valuable ore, containing gold and silver, from certain mining premises

claimed to belong to the St. Louis quartz lode mining claim. The jurisdiction of this court, sitting as a court in equity, is claimed on the ground that the same will prevent a multiplicity of suits. The application at this time is for an interlocutory injunction pending the action, for the purpose of preserving the ore in one certain vein of the lode claim mentioned in the bill, until the final determination of the action. The defendants urge that the court has no jurisdiction of the cause, because the title to the premises in dispute has not as yet been determined at law. Enough facts are stated in the bill to show that the action is of the character which would prevent a multiplicity of actions at law. It is alleged therein "that defendants have entered upon a vein or lode of quartz belonging to complainant, and in which it is in possession, and have extracted valuable ore therefrom; are now so doing, and are threatening to continue the extraction of such ore." This is what is termed a "continued trespass." A continued trespass is said to be of the class of wrongs which will necessitate the instituting of a multiplicity of actions at law. 1 Pom. Eq. Jur. p. 256, § 245.

It is contended, however, that the complainant's title to the vein or lode, which, it is alleged, defendants are trespassing upon, has not as yet been established by an action at law. It is said, generally, when the legal title is in dispute, an injunction will not be granted until the same is established by at least one action at law. 1 Pom. Eq. Jur. p. 264, § 252. This rule is said to be established because courts in equity will not, in general, try the legal title to land. It has been held by the supreme court, however, in the case of Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. Rep. 565, that the above doctrine "has been greatly modified in modern times, and it is now a common practice, in cases where irremediable mischief is being done or threatened, going to the destruction of the substance of the estate, such as the extraction of ores from a mine, or the cutting down of timber, or the removal of coal, to issue an injunction, though title to the premises be in litigation. The authority of the court is exercised in such cases through its preventive writ to preserve the property from destruction pending legal proceedings for the determination of the title." Perhaps the rule is still that no permanent injunction will be granted in such a case as a continued trespass until the legal title is established in a proceeding at law to determine the same. The above case, however, would settle the rule for this court that, pending an action at law for that purpose, in such cases an interlocutory injunction might issue.

The question arises, is the legal title disputed in this case? for, if it is not, the rule that requires an action at law to be instituted does not apply. "If the plaintiff's title to the subject-matter affected by the wrong is admitted, a court of equity will exercise its jurisdiction at once, and will grant full relief to the plaintiff without compelling him to resort to a prior action at law." 1 Pom. Eq. Jur. § 252.

It will be observed, in the decisions upon this point, it is generally stated that, when the legal title is disputed, an action at law

must first be maintained to determine the same before an injunction will be granted. In this case it is not disputed but that complainant claims under a patent from the United States, the source of title. The patent is in evidence in this proceeding, and a deed from Charles F. Mayger, the patentee, to complainant. There is a strip of ground containing about 12,844.50 square feet off of the St. Louis lode mining claim, bounded as follows, to wit:

"Commencing at a point from which the center of the discovery shaft of the Nine Hour lode bears S., 39° 32′ E., said course being at right angles to the boundary line of the St. Louis lode, between corners 2 & 3, fifty feet distant; thence N., 50° 28′ E., on a line parallel to the aforesaid boundary line of the St. Louis lode claim, between corners 2 & 3, 226 feet, to a point on the boundary line of the St. Louis lode between corners 1 & 2; thence S., 20° 28′ W., along said boundary, between corners 1 & 2, 60.5 feet, to corner No. 2 of St. Louis lode, 400.31 feet, to corner No. 3 of St. Louis lode; thence N., 46° 10′ W., along the line of boundary of St. Louis lode, between corners 3 & 4, 30 feet, to a point; thence N., 50° 28′ E., along a line parallel to the boundary of St. Louis lode, between corners 2 & 3, 230 feet, to point of beginning."

This ground is included in the patent of the said St. Louis lode claim to said Charles F. Mayger. This ground, on the 7th day of March, 1884, the said Mayger contracted to convey to William Robinson, James Huggins, and Frank P. Sterling. The defendant the Montana Mining Company, Limited, is the assignee of this contract, and claims a right to said premises thereunder. This does not raise any issue as to the legal title to these premises. If it shows any title to the premises, it is an equitable title, and can be made available in a court of equity. If a valid equitable title, in such a court it will constitute as good a defense as a legal one. It is claimed that, should the plaintiff be forced into a court of law to try its legal title, there might be presented the question of estoppel in regard to the assertion thereof. The facts presented up to this time would not be sufficient to present such a question. The authorities cited by defendants upon this point pertain to estoppel in pais. The acts or representations necessary to work such an estoppel are acts or representations clearly made with a knowledge of the facts. The person affected thereby must have been ignorant of the falsity of the same, and must have acted thereon upon the belief that they presented the true condition of the title of the property in controversy. No such a condition of things pertaining to the dispute in this case is presented. There is nothing to show any waiver of the legal title in this case. The equitable title conveyed by the contract cannot work an estoppel to the assertion of the legal title. It is no admision or declaration contrary to the claim of the legal title. Generally, when one enters upon land under an executory contract of purchase, he is estopped to deny the legal title of the one executing the contract. 7 Amer. & Eng. Enc. Law, p. 27. Generally, an equitable title cannot be interposed as a defense in an action at law. A law court takes no notice of an equitable title. For these reasons I think the legal title in this case is not in dispute, and that the suit was properly instituted in a court of equity. If an injunc-

tion will issue pending an action at law, and in aid thereof, when a continued trespass is complained of, I can see no reason for refusing an interlocutory injunction upon the same facts pending an action in equity. The same right to have the property preserved from destruction should exist in one case as well as in the other.

The next question presented is, can the court, under the facts in this case, grant the writ asked? The dispute in this case arises over a vein which crosses on some line from the St. Louis claim to the Nine Hour claim. The exact point where the apex of this vein crosses into the undisputed ground of the Nine Hour lode is not fixed by any affidavit or the bill of complaint. The court cannot, then, designate the exact line beyond which defendants, in working north upon said vein in their ground, must stop. Plaintiff asks the court to enjoin the defendants from working upon or extracting any ore from any vein having its top or apex in the St. Louis ground. This would call upon the defendants to ascertain what veins have their apex in plaintiff's ground, and the extent of such apex therein. "The writ, as a general rule, ought to contain a concise description of the particular acts or things in respect to which the party is enjoined, so that there may be no misapprehension on the subject." Whipple v. Hutchinson, 4 Blatchf. 190. This rule was expressed in the above case by Justice Nelson. The rule is approved in High, Inj. (1st Ed.) p. 26, § 38. In reason, it ought not to be left to a defendant to ascertain from what acts he is enjoined. There is probably a dispute as to where the apex of the vein in controversy does cross that line between the St. Louis and Nine Hour claims. Defendant Bayliss, in his affidavit, asserts that he has not mined north of a point where a line drawn parallel to the south end line of the St. Louis claim would cut the point where the vein in dispute probably crosses the line of the Nine Hour lode, except for exploration, and the ore taken out in such exploration has been left in the drift. This is not disputed by any affidavits on the part of plaintiff. There are declarations that defendants have worked in the vein having its apex in the ground in dispute, but not that they have removed the ore therefrom. This is a matter worthy of consideration. A court, under such circumstances, ought not to enjoin a party from exploring his premises or the premises in dispute. That is not an irreparable injury. For the reason that the court cannot order a writ showing distinctly the ground from which defendants should be enjoined from taking out ore beneath the surface of the Nine Hour claim, and because it does not fully appear that defendants have been removing any ore to which plaintiff may establish, on the trial, its title to, the writ is denied, and the restraining order heretofore issued is hereby revoked and dissolved.