UNITED STATES MIN. CO. v. LAWSON et al.

(Circuit Court, D. Utah. May 12, 1902.)

No. 467.

1. FEDERAL COURTS—EQUITY JURISDICTION—SUITS TO QUIET TITLE.
    A federal court of equity, though sitting in a state where by statute a suit to quiet title or to determine an adverse claim may be brought, regardless of possession, cannot entertain such a suit by the holder of the legal title unless the bill shows affirmatively either that complainant is in possession, or that both complainant and defendant are out of possession.

2. SAME—EFFECT OF PRAYER FOR INJUNCTION.
    A federal court of equity is not given jurisdiction to try the title to a mining claim, where the bill does not show that complainant is without an adequate remedy at law, merely because an injunction is prayed for to prevent alleged trespasses by defendant, an adverse claimant, in removing ore from the claim.

In Equity. Suit to quiet title to a mining claim. On demurrer to bill.

Bennett, Sutherland, Van Cott & Allison and Robert Harkness, for plaintiff.

Ogden Hiles, for defendants.

¶ 1. See Courts, vol. 13, Cent. Dig. § 907.

MARSHALL, District Judge. This case is before the court upon a demurrer to the complainant's bill. The bill, after alleging the diverse citizenship of the parties, in substance states: That the complainant is the owner of the Jordan Extension mining claim, in which claim, within the surface boundaries extended downward vertically, there is a vein of rock in place, carrying precious metals, the property of the complainant, and exceeding in value the sum of $2,000; that the defendants assert and claim an interest in the premises and mineral vein adverse to the complainant, and that the claim of the defendants is without right; that in the assertion of their said claim, without the knowledge or consent of the complainant, the defendants have within two years last past, by means of secret underground workings, entered beneath the surface of the Jordan Extension mining claim, and mined and extracted and removed therefrom large quantities of valuable ore; that the said defendants threaten to continue their wrongful and unlawful invasion of the plaintiff's premises, and to continue to mine and extract ore therefrom, to the great and irreparable injury of complainant, and will do so unless enjoined and restrained by the order of this court. The complainant further, under equity rule 21, sets up the claim which it supposes will be insisted upon by the defendants, viz., that the defendants are the owners of the adjoining mining claim known as the "Kempton Mine," and claim that the ore found in the Jordan Extension mining claim belongs to a vein having its apex in the Kempton mine, and, for the purpose of avoiding this claim, by counter averment, the complainant alleges that it is the owner and in possession of a mining claim usually known as the "Old Jordan," and of a mining claim known as the "Mountain Gem," and that, if there is any mineral vein or lode in the Kempton mining claim existing in or in any wise extending to or under the Jordan Extension mining claim, such vein or lode does not have an apex in the Kempton mining claim, but the same apexes in the Old Jordan and Mountain Gem lodes. The decree prayed for is that an injunction be granted restraining the defendants from continuing their workings in the plaintiff's mining claim, or removing ore therefrom, and that the plaintiff's title to the Jordan Extension mining claim be quieted against the claim of the defendants. The defendants demur to the bill on the ground of a want of equity, and because the complainant has an adequate remedy at law, and also on the ground of a want of certainty, for the alleged reason that it cannot be ascertained therefrom whether the proceeding is to quiet the title of the plaintiff to the Jordan Extension mining claim, or to the Old Jordan and Mountain Gem mining claims.

It will be perceived that the complainant does not allege that it is in possession of the Jordan Extension mining claim, nor, on the other hand, does it allege that the defendants are not in possession of that claim. The allegations as to the defendants' trespasses upon the claim cannot be considered an affirmative averment of possession on the part of the defendants. Coal Co. v. Doran, 142 U. S. 417, 449, 12 Sup. Ct. 239, 35 L. Ed. 1063. If we consider the bill as one to quiet the plaintiff's title to the Jordan Extension mining claim, or to determine the adverse claims thereto of the defendants, and without

reference to the injunction asked, it will be seen that it would be sufficient in a state court of this state, under sections 2915 and 3511 of the Utah Statutes, which provide:

"Sec. 2915. In an action brought by a person out of possession of real property to determine an adverse claim of an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants, and, if the judgment be for the plaintiff, he may have a writ of possession for the premises as against the defendants in the action against whom the judgment has passed."

"Sec. 3511. An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim."

As stated in Wehrman v. Conklin, 155 U. S. 314, 323, 15 Sup. Ct. 129, 132, 39 L. Ed. 167, such statutory provisions enlarge the ancient jurisdiction of courts of equity in the following particulars:

"(1) It does not require that plaintiff should have been annoyed or threatened by repeated actions of ejectment. (2) It dispenses with the necessity of his title having been previously established at law. (3) The bill may be filed by a party having an equitable as well as a legal title. (4) In some states it is not even necessary that the plaintiff should be in possession of the land at the time of filing the bill."

These enlarged equitable rights are to be administered in federal courts so far as they do not conflict with any provision of the constitution or with the statutes of the United States. Holland v. Challen, 110 U. S. 15, 26, 3 Sup. Ct. 495, 28 L. Ed. 52; U. S. v. Wilson, 118 U. S. 86, 89, 6 Sup. Ct. 991, 30 L. Ed. 110; Frost v. Spitley, 121 U. S. 552, 557, 7 Sup. Ct. 1129, 30 L. Ed. 1010.

The seventh amendment to the constitution of the United States declares, "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved;" and section 723, Rev. St. U. S., which is identical with the sixteenth section of judiciary act of 1789, provides, "Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law." If a plaintiff be in possession of land, and complains of a trespass of a continuing nature, so that redress at law would require a multiplicity of actions, the remedy at law would not be so adequate as that afforded by a court of equity; and in Holland v. Challen, supra, it was held that, when neither plaintiff nor defendant was in possession, the circuit court of the United States, sitting in equity, had jurisdiction, under a similar statute, to determine the adverse claim of the defendant, although there had been no prior proceeding at law to enforce it. In such a case it was pointed out that plaintiff could bring no action at law, and the statute gave him the right to proceed in equity. In Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873, however, under a similar statute, the plaintiff filed a bill in the United States court to quiet his title to land alleged by him to be in the possession of the defendant. It was held that his remedy was at law, that a defendant had a constitutional right to a trial by jury, and that the rule declared in Holland v. Challen was restricted to cases in which neither the plaintiff nor the defendant was in possession. So that it must be conceded that.

if the plaintiff had alleged that the defendants were in possession of the mining claim, the bill, considered solely as a bill to quiet title, could not be sustained in this court. Is the plaintiff in any better position, owing to the fact that there is no allegation concerning the possession? It is not averred that the defendants are not in possession, or that the land is unoccupied. The title of the plaintiff is legal. It is invoking the concurrent jurisdiction of a court of equity. The burden is upon the plaintiff to show its right to the equitable remedy sought, and for this reason that it has no adequate remedy at law.

In Railroad Co. v. Goodrich (C. C.) 57 Fed. 879, it was held by McKenna, Circuit Judge, as stated in the syllabus of the case, that:

"In federal courts sitting in states where the local statutes have dispensed with possession by complainant as a prerequisite to maintaining the suit, a bill in equity to quiet title to land is demurrable which fails to allege affirmatively either that the plaintiff is in possession, or that both complainant and defendant are out of possession."

There seems to have been no contrary holding.

It follows that, unless the case alleged for an injunction distinguishes the case at bar from the authorities cited, the demurrer must be sustained. If the defendants are in possession, the property can be recovered and the title determined in an action of ejectment. The entire function of the injunction sought would be to preserve the property pending the litigation. It is a familiar rule that, where a part of the relief to which the plaintiff is entitled is equitable, a court of equity, having jurisdiction for this purpose, will ordinarily assume jurisdiction of the entire case, and grant both the legal and equitable relief that the case demands. It is no less well settled that the right to an injunction to prevent the continuance of a wrong may be a sufficient equitable incident to give a court of equity jurisdiction of what would otherwise be a legal action. Root v. Railroad Co., 105 U. S. 207, 209, 26 L. Ed. 975; Jesus College v. Bloom, 3 Atk. 262, 263; 1 Pom. Eq. Jur. § 236. To have this effect, however, the equitable relief must be something more than simply in aid of a legal action or during its pendency. Courts of equity do not usually undertake to try disputed legal titles to land. American Dock & Improvement Co. v. Trustees for Public Schools, 37 N. J. Eq. 266. And before a plaintiff is entitled to a permanent injunction restraining the violation of a common-law right, he must ordinarily establish this right at law. Coke Co. v. Broadbent, 7 H. L. Cas. 601, 606. In the federal courts, at least, it is common practice to proceed in equity for an injunction to preserve real property pending legal proceedings for the determination of the title. Erhardt v. Boaro, 113 U. S. 527, 528, 5 Sup. Ct. 560, 28 L. Ed. 1113; Waterloo Min. Co. v. Doe, 27 C. C. A. 50, 82 Fed. 45, 49; St. Louis Min. & Mill. Co. of Montana v. Montana Min. Co. (C. C.) 58 Fed. 129; Stevens v. Williams, 5 Morr. Min. Rep. 449. In all of these cases injunctions were sought to restrain trespasses upon mines, and in the last case, at page 452, it is said:

"To draw the question of title into this court upon a merely collateral matter, such as the preservation of the property pending the litigation,

would be a usurpation of authority. * * * Regularly, the law action should be brought before application is made for an injunction, and that fact should be averred in the bill; but, where that has been omitted through mistake or inadvertence, the rule has been so far relaxed to admit of the bringing of such suit after the filing of the bill; the plaintiff being put upon terms of commencing the suit within a short time, and prosecuting it with diligence."

In Davidson v. Calkins (C. C.) 92 Fed. 230, the complainants' bill was substantially identical with the bill in the case at bar, with the exception that the defendants were alleged to be in the possession of the mining claim in controversy. It was held that no case was stated for equitable relief. The court said at page 232:

"One of the grounds on which the defendants resist the application for an injunction is that a suit to quiet title cannot be maintained in the federal courts when the defendant is in possession of the property, and that therefore an injunction pendente lite will not be granted under such circumstances. If the premise above stated be true, defendants' deduction therefrom logically follows. To me it seems too plain to admit of controversy that an injunction will not be issued at the instance of one of two or more conflicting claimants merely to protect and preserve property for the party who may show himself ultimately entitled thereto, unless the question of ownership can be determined by the court whose conservative jurisdiction is invoked. It is true that where ejectment is pending in the federal court the court may, on its equity side, by injunction or otherwise, protect the property until the common-law action is disposed of. Buskirk v. King, 18 C. C. A. 418, 72 Fed. 22. It is also true that ejectment will lie for a mining claim, although paramount title be in the United States (Rev. St. U. S. § 910). No such situation, however, is here presented. The case at bar is not auxiliary to any action pending on the law side of the court, but is an independent suit to quiet title in which complainants seek a temporary injunction against threatened waste by the defendants who are in possession of the property. Unless this court can grant the ultimate relief, it will not apply a provisional remedy."

In Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712, 35 L. Ed. 358, the suit was to set aside a conveyance claimed to have been made in fraud of creditors, and to subject the property of the defendant to the payment of a simple-contract debt of one of the defendants in advance of any proceeding at law either to establish the debt, or to enforce its collection. The Code of Mississippi, in which state the case arose, specially permitted the maintenance of such a suit in the courts of the state. Mr. Justice Field, delivering the opinion of the supreme court of the United States, at page 109, 140 U. S., page 713, 11 Sup. Ct., and page 358, 35 L. Ed., said:

"The general proposition as to the enforcement in the federal courts of new equitable rights created by the states is undoubtedly correct, but subject, however, to this qualification: that such enforcement does not impair any right conferred, or conflict with any inhibition imposed, by the constitution or laws of the United States. Neither such right nor such inhibition can be in any way impaired, however fully the new equitable right may be enjoyed or enforced in the states by whose legislation it is created. The constitution, in its seventh amendment, declares that. 'in suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' In the federal courts this right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim properly cognizable at law of a demand for equitable relief in aid of the legal action, or during its pendency. Such aid in the federal courts must be sought in separate pro-

115 F.—64

ceedings, to the end that the right to a trial by jury in the legal action may be preserved intact."

The first, second, and fourth grounds of demurrer will be sustained, and the third ground of demurrer overruled. The plaintiff will be granted leave to file an amended bill on or before the next rule day of the court.