### BAUM v. LONGWELL.

(District Court, D. New Mexico. October 23, 1912.)

No. 193.

1. COURTS (§ 371*)—FEDERAL COURTS—ENFORCEMENT OF RIGHTS UNDER STATE STATUTES—SUIT TO QUIET TITLE.

Where a state statute authorizes a suit to quiet title by a complainant in or out of possession against an adverse claimant, such a suit may be maintained in a federal court, when it is alleged in the bill either that complainant is in possession, or that neither party is in possession, so as to exclude an adequate remedy at law, but not otherwise.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. § 371.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. INJUNCTION (§ 46*)—CONTINUING TRESPASS.

Trespasses upon realty, not alleged to be continuing, do not constitute a ground for equitable relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 98, 99, 107; Dec. Dig. § 46.*]

3. REMOVAL OF CAUSES (§ 102*)—WANT OF JURISDICTION IN FEDERAL COURTS —DISPOSITION OF CAUSE.

Under the provision of Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (U. S. Comp. St. Supp. 1911, p. 146), that when it shall appear that a federal court is without jurisdiction of a suit which has been removed to it the court "shall dismiss the suit or remand it to the court from which it was removed as justice may require," where in a suit to quiet title, removed from a state court, the bill does not state a cause of action cognizable by a federal court of equity, but a cross-bill has been filed by defendant, which does state such cause of action, and upon which the rights of the parties to the real estate in controversy can be determined, the suit will not be remanded on the sustaining of a demurrer to the bill, although it may be within the jurisdiction of the state court, but will be retained for hearing on the cross-bill.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. § 102.*]

In Equity. Suit by O. H. Baum, personally and as trustee for H. B. Holt, H. M. Maple, Isabel C. Maple, H. M. Daugherty, and E. E. Roudebush against Horace C. Longwell. On demurrer to bill. Demurrer sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Holt & Sutherland, of Las Cruces, N. M., for complainant.
W. J. Lucas, of East Las Vegas, N. M., for defendant.

POPE, District Judge. [1] This is a suit to quiet title to certain real estate. Independent of statute, a bill such as this cannot be maintained save by a party in possession. Jones v. McKenzie, 122 Fed. 390, 393, 58 C. C. A. 96. By statute of New Mexico (Comp. Laws, § 4010), as in many other states, this requirement is dispensed with, and the action may be maintained by any one, *"whether in or out of possession,"* against any one "claiming title thereto." Such action may be maintained in the federal courts, as well as in the state courts. Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52; Reynolds v. Crawfordsville Bank, 112 U. S. 405, 5 Sup. Ct. 213, 28 L. Ed. 733; U. S. v. Wilson, 118 U. S. 86, 6 Sup. Ct. 991, 30 L. Ed. 110; Frost v. Spitley, 121 U. S. 552, 7 Sup. Ct. 1129, 30 L. Ed. 1010. This, however, is subject to the principle of equity, embodied in Rev. St. § 723 (U. S. Comp. St. 1901, p. 583), that no such action will be entertained "where plain, adequate and complete remedy may be had at law," and is subject, also, to the constitutional provision that in cases at law involving over $20 there shall be a right of trial by jury. Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873; Wehrman v. Conklin, 155 U. S. 314, 325, 15 Sup. Ct. 129, 39 L. Ed. 167; Black v. Jackson, 177 U. S. 361, 20 Sup. Ct. 648, 44 L. Ed. 801; Stuart v. Union Pac. R. Co., 178 Fed. 753, 103 C. C. A. 89.

If the defendant be in possession, the bill may not be maintained; for the complainant has a plain, adequate, and complete remedy at law by suit in ejectment. Cases last cited. It follows, therefore, that a bill in equity to quiet title may, even under the enlarged jurisdiction conferred by the New Mexico statute, be maintained only (1) where the complainant is in possession, or (2) where neither plaintiff nor defendant is in possession; and a complaint framed under the New Mexico statute must, therefore, allege affirmatively either one or the other of these conditions, in order to show that complainant is without remedy at law. A failure so to do renders the bill bad on demurrer. So. Pac. Co. v. Goodrich (C. C.) 57 Fed. 879 (opinion by Mr. Justice McKenna); U. S. Mining Co. v. Lawson (C. C.) 115 Fed. 1005. See, also Boston Co. v. Montana Co., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 626.

The present bill does not aver that complainant has possession, nor that neither party has possession. It contains averments of trespass and of waste by defendant. These, however, are short of allegations of possession by defendant. Simmons Creek Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. 239, 35 L. Ed. 1063; U. S. Mining Co. v. Lawson (C. C.) 115 Fed. 1005. So that it is a bill in which the necessary jurisdictional facts as to possession do not appear. It is therefore subject to the demurrer. This condition is not obviated by the fact that the bill alleges cutting of timber in the past, and further alleges that crops have been planted on the lands which are being gathered by defendant.

As to the first of these elements of trespass, it is to be observed: (1) That it refers merely to a past act, without stating anything apprehended as to the future. Owen v. Ford, 49 Mo. 436. (2) That there is no allegation that the timber cut lends anything more than an incidental value to the property. Carney v. Hadley, 32 Fla. 344, 14 South. 4, 22 L. R. A. 233, 37 Am. St. Rep. 101. (3) There is no allegation of insolvency of the defendant.

[2] As to the second element, it is to be observed that the case as stated seems not to state a case for relief under the doctrine as generally accepted, and as laid down in Snyder v. Hopkins, 31 Kan. 557, 3 Pac. 357. Independent of the last considerations, however, these allegations of trespass do not of themselves constitute a ground for equitable relief. U. S. Mining Co. v. Lawson (C. C.) 115 Fed. 1005. The utmost that might be claimed is that they constitute a matter of ancillary relief in the presence of a suit at law for possession (Erhardt v. Boaro, 113 U. S. 537, 5 Sup. Ct. 560, 28 L. Ed. 1113); but in the absence of such, and in the absence of any showing of equity in this bill so far as it is designed to quiet title the bill cannot be sustained for purposes connected purely with the alleged trespass (Jones v. McKenzie, 122 Fed. 390, 393, 58 C. C. A. 96). In the brief filed for plaintiff, the cases of Marques v. Maxwell Land Grant Co., 12 N. M. 445, 78 Pac. 40, and Ely v. Railroad; 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 688, are cited as being contrary to the foregoing. In each of these cases the complaint was held good upon demurrer, although not disclosing either that plaintiff was in possession or that neither was in possession. The court in the Ely Case says:

"The manifest intent of the statute, as thus amended, is that any person owning real property, whether in possession or not, in which any other person claims an adverse title or interest, may bring an action against him to determine the adverse claim and to quiet the plaintiff's title. It extends to cases in which the plaintiff is out of possession and the defendant is in possession, and in which, at common law, the plaintiff might have maintained ejectment."

It is to be noted, however, that each of these cases was an appeal from a court where the distinction between law and equity had been abolished by express statute. The present case, however, as were the cases of Holland v. Challen and Whitehead v. Shattuck, is in our federal courts, and thus where the distinction between law and equity is retained. This point is expressly noted in the Ely Case, where, referring to Holland v. Challen and several similar cases, it is said:

"But each of those cases came from a Circuit Court of the United States, in which the distinction between actions at law and suits in equity is preserved. The present action, arising under territorial statutes, is governed by different considerations."

In cases in the state courts of New Mexico, while a case framed for equitable relief may not call for equity, it will, nevertheless, not be dismissed on demurrer, if it calls for relief at law. As was said by the court in Kingston v. Walters, 14 N. M. 368, 93 Pac. 700:

"Under our Code of Civil Procedure there is in this territory but one form of civil action, and a complaint will not be dismissed, when it sets up a cause of action which is good either in law or equity, because the plaintiff has misconceived the nature of his remediable right, and has asked for a legal remedy when it should have been equitable, or for an equitable remedy when it should have been legal."

But these considerations go simply to the pleading. The course of the trial is another matter, and when we reach that point in a case, and where it appears that a common-law right of jury trial exists, such will be allowed by the impaneling of a jury. This is pointed out in Baca v. Anaya, 14 N. M. 396, 94 Pac. 1021, 20 Ann. Cas. 77, where it is said:

"Whatever may be said as to the right of jury trial in a case of this kind, where the party proceeded against is in possession, in view of Whitehead v. Shattuck, 138 U. S. 146 [11 Sup. Ct. 276, 34 L. Ed. 873], and Ely v. N. M., etc., Co., 129 U. S. 292 [9 Sup. Ct. 293, 32 L. Ed. 688], certainly no such right exists where neither party is in possession, nor where, as here, the moving party is in possession. Clark v. Smith, 13 Pet. 195 [10 L. Ed. 123], discussed in Scott v. Neely, 140 U. S. 106 [11 Sup. Ct. 712, 35 L. Ed. 358], Holland v. Challen, 110 U. S. 15 [3 Sup. Ct. 495, 28 L. Ed. 52], and authorities cited, and Gentile v. Kennedy, 8 N. M. 347, 355, 45 Pac. 879. Indeed, as pointed out in the two cases last cited, equity is the only tribunal available, since ejectment will lie only against a party in possession. The above suffices to dispose of the present case. Without anticipating any future questions, we may add, however, that we see no reason, should issues arise in a partition suit, as to which the parties are by the common law entitled to a jury trial, why the court may not refer such issues to a jury, not, it is true, as issues out of chancery (Capell v. Moses, 36 S. C. 559 [15 S. E. 711]), but as issues triable at law. Our Code (Comp. Laws 1897, § 2685, subsecs. 110, 111) provides that an issue of fact in an action for the recovery of money only, or specific real or personal property, where the right of trial by jury existed at common law, must be tried by a jury, and that other issues of fact may be referred to a jury. In our judgment this invests the court with ample power to impanel a jury under either branch of its jurisdiction whenever the rights of the parties require it. As was said in Hammer v. Garfield Mining Co., 130 U. S. 295 [9 Sup. Ct. 548, 32 L. Ed. 964], quoting from Basey v. Gallagher, 20 Wall. 670, 679, 22 L. Ed. 452: 'The courts of Montana, under a law of the territory, exercise both common-law and equity jurisdiction. The modes of procedure in suits both at law and in equity are the same until the trial or hearing. The suitor, whatever relief he may ask, is required to state, in ordinary and concise language, the facts of his case on which he invokes the judgment of the court. But the consideration which the court will give to the questions raised by the pleadings when the case is called for trial or hearing, whether it will submit them to a jury or pass upon them without such intervention, must depend upon the jurisdiction which is to be exercised. If the remedy sought be a legal one, a jury is essential unless waived by the stipulation of the parties; but if the remedy sought be equitable, the court is not bound to call a jury, and, if it does call one, it is only for the purpose of enlightening its conscience, and not to control its judgment.' The right, which this case recognizes under the Code system to try issues before either jury or court, dependent upon whether they are legal or equitable, includes, in our judgment, the right to try in the same case before both, whenever both classes of issue are present."

Of course, all this, however, can have no application to the federal courts, where the distinction between law and equity is maintained.

In this court the rule of Whitehead v. Shattuck, supra, must be followed.

[3] It is further said, however, that if, as has been held above, the court is without power to entertain this as a bill in equity, it should at least remand it to the state court, since there the present petition, whether one at law or in equity, will be retained as against this demurrer. To support this contention Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804, and Gombert v. Lyon (C. C.) 80 Fed. 305, are cited, as is section 5 of the Act of March 3, 1875 (18 Stat. 472, c. 137 [U. S. Comp. St. 1901, p. 511]), re-enacted by section 37 of the Judicial Code (Act March 3, 1911, c. 231 [U. S. Comp. St. Supp. 1911, p. 146]). The latter reads as follows:

"If in any suit  *  *  *  removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court  *  *  *  that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, *  *  *  the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require."

In Cates v. Allen it was held, construing this section, that:

"When a suit over which a state court has full jurisdiction in equity is removed to a Circuit Court of the United States on the ground of diverse citizenship, and it appears that the courts of the United States have no jurisdiction in equity over such a controversy, the cause should be remanded to the state court, instead of dismissing it for want of jurisdiction."

In Gombert v. Lyon (C. C.) 80 Fed. 305, it was held that, where a statute allows the suit against one in possession to be prosecuted as an equitable proceeding, the cause will not be dismissed, but will be remanded. It is far from clear, however, that the New Mexico statute allows a suit against one in possession to be prosecuted in equity. Section 4010, above quoted, does not in terms so imply, as did the Iowa statute quoted in Whitehead v. Shattuck. The New Mexico law is explicit as to the possession of plaintiff, but not as to that of the defendant. Such a statute is in derogation of the common law, and is to be strictly construed. It is likewise to be construed in harmony with subsection 110 of the New Mexico Code of Civil Procedure (section 2685, subsec. 110), which preserves the right of jury trials in actions to recover specific real property as at common law, and in harmony with section 12, art. 2, of the state Constitution, providing that:

"The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate."

It would seem, therefore, that the utmost which would result from remanding the cause would be that it would be tried, not as a cause in equity, but as an action at law, to a jury. Baca v. Anaya, supra. It is not perceived, therefore, that it is denying plaintiffs any right they would have in the state court to hold that their case is not one for equitable contemplation, when upon remand the state court would hold precisely the same thing, and would proceed to try it as a case at law.

But, however this may be, we do not feel called upon to remand the cause for another reason. Judicial Code, § 37, quoted supra, provides for the alternative of a remand "as justice may require." The defendant, because of nonresidence, is entitled to have the controversy tried in a national court. In assertion of this right he has removed the case, and in this court has not only demurred to the bill, but has filed a cross-bill, in which, alleging possession, he prays in turn for a quieting of his title against plaintiffs. That cross-bill involves the determination of every question of title to the premises involved in the original bill, and, notwithstanding the dismissal of the original bill, must remain for disposition. The case and the parties are upon the cross-bill thus before the court to be dealt with in equity, the forum which plaintiff by his bill has chosen. It is not required by justice that the cause be remanded, and it will be retained for determination upon the cross-bill.

An order will be entered sustaining the demurrer to the bill, with leave for the complainant, if he be so advised, to file an amended bill within 20 days.