[No. 3030. March 25, 1927.]

KNABEL et al. v. ESCUDERO et al.

[255 Pac. 633.]

### SYLLABUS BY THE COURT

1. A complaint to quiet title to real estate, in the language of the statute, is not subject to demurrer.

[1] 31 Cyc p. 115 n. 45; p. 333 n. 76; 32 Cyc p. 1349 n. 19; p. 1352 n. 33. [2] 21CJ p. 86 n. 16; p. 39 n. 15; 35CJ p. 197 n. 48; p. 217 n. 98 New. 32 Cyc p. 1307 n. New.

Knabel et al. v. Escudero et al., 32 N. M. 311

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit by Ernest Knabel and others against Francisco Escudero and others to quiet title. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded, with directions.

F. C. Wilson and F. W. Clancy, both of Santa Fe, for appellants.

Renehan & Gilbert, of Santa Fe, for appellees.

PARKER, C. J. [1] This is a suit to quiet title to real estate. The complaint is in the form prescribed by sections 4387, 4388, Code 1915. A demurrer was interposed to the complaint to the effect that it failed to state facts sufficient to constitute a cause of action in this, that it failed to allege that the plaintiffs were in possession, or that the premises were vacant or unoccupied, or that the defendants were not in possession. The demurrer was sustained, and, the plaintiffs refusing to plead further, the cause was dismissed, from which judgment it is here on appeal.

It is apparent that a question of pleading and procedure only is involved. It is the established doctrine in this jurisdiction that in order to maintain a suit to quiet title, the plaintiff must be in possession, or the premises must be vacant and unoccupied. See Pankey v. Ortiz, 26 N. M. 575, 195 P. 906, 30 A. L. R. 92, where the cases are all collected See, also, Baum v. Longwell (D. C.) 200 F. 450. But this is not the question here. The question is whether it must be alleged in the complaint that the plaintiff is in possession or the premises are unoccupied.

In the first place it is to be noted that the complaint in this case is in exact accordance with the provisions of section 4388, Code 1915, regulating the

procedure in such cases. The statute requires no allegation as to possession or vacancy of the premises. Under an allegation of ownership in fee simple, as in this case, the implication would seem to arise that the plaintiff is in possession, at least in the absence of allegation and proof to the contrary by the defendants. 17 Enc. P. & P. 335; Gage v. Kaufman, 133 U. S. 471, 10 S. Ct. 406, 33 L. Ed. 725 If the defendants are in possession and the plaintiff out of possession, it would seem to be a matter of defense for them to show that fact, thereby securing to themselves the right of jury trial. A demurrer, which merely admits the allegations of the complaint to be true, would seem to be inadequate to raise any such question.

|2| In this connection, it is to be observed that two distinct principles are involved. The first is that equity has no jurisdiction where there is a complete and adequate remedy at law. There is nothing in this doctrine which would prevent the Legislature from enlarging the jurisdiction of equity and providing that suits to quiet title may be maintained in equity whether there is an adequate remedy at law or not, as it has evidently done by the legislation above referred to. The second principle involved, however, is entirely different in scope and consequence. The right of trial by jury is guaranteed by section 12 of article 2 of the state Constitution. Applied to a case like this, the provision means that a man may not be deprived of the possession of real estate, of which he claims title, except upon a trial by jury. This right may, of course, be waived. If the defendant desires to rely upon his constitutional right, it seems clear that it is his duty to assert it in some appropriate form. A demurrer is inadequate for such purposes, When such right is properly asserted, our statute, which provides that the plaintiff may be either in or out of possession, becomes inoperative, and must yield to the controlling provisions of the Constitution in regard to the right to jury trial. There is nothing in our previous cases in any way militating against this conclusion. In Pankey v. Ortiz, 26 N. H. 575,

195 P. 906, 30 A. L. R 92, the complaint itself alleged possession of the defendants, and the answer alleged title, possession, and right to possession in them. The constitutional right of defendants to jury trial was properly presented and denied. We necessarily held that a suit to quiet title could not be maintained. Baum v. Longwell, 200 F. 450, is a case decided by the late Judge William H. Pope in the United States District Court for this state. In that case it was held that a suit to quiet title could not be mainained in the federal court, unless it was alleged that the plaintiff was in possession, or that the premises were unoccupied, and that a complaint failing in this regard was demurrable. But it is to be remembered that this was in the federal court, where the ancient distinctions between law and equity are preserved, and where there is no enlargement of equitable jurisdiction to quiet titles. In such a court the principle that equity will not take jurisdiction where there is an adequate remedy at law is in full force in all cases.

It follows that the judgment of the district court is erroneous and should be reversed and the cause remanded, with directions to overrule the demurrer and to proceed in accordance herewith; and it is so ordered.

BICKLEY and WATSON, JJ., concur.