74 P.2d 69

**LAMPORT v. TIDWELL.**

No. 4314.

Supreme Court of New Mexico.

Dec. 1, 1937.

J. S. Fitzhugh, of Clovis, for appellant.

Harold O. Gore, of Clovis, for appellee.

, ZINN, Justice.

Plaintiff (appellant here) brought suit against defendant (appellee here) alleging that she was the owner of certain described land in Curry county in fee simple upon which land a tax sale certificate for delinquent taxes had been assigned to the defendant by the treasurer of Curry county. Plaintiff alleged that she deposited with the county treasurer sufficient funds to redeem said land from the tax sale, and requested the treasurer to issue his certificate of redemption. Either as the result of an oversight or mistake the treasurer had failed to issue his certificate of redemption, but, on the contrary, had refunded the money to the plaintiff. She accepted the money and tendered the same to the defendant, with interest, and demanded that the defendant relinquish his claim under the tax sale certificate on the land to the plaintiff, which the defendant refused to do. Plaintiff again tendered the amount to the treasurer, who refused to accept the same or issue the redemption certificate.

Plaintiff in her complaint prayed that the tax sale certificate be canceled, and that the treasurer be directed to issue the redemption certificate and the plaintiff's estate be established against the defendant's claim, who should be estopped from claiming any adverse interest to the plaintiff's land.

The treasurer was not made a party to the suit.

The defendant demurred to the complaint because the same failed to state a cause of action, in that: "Tender and demand by plaintiff upon defendant to relinquish his claim to said land imposes no obligation imposed by law on defendant to relinquish his claim to said land held by virtue of said tax sale certificate."

The trial court sustained the demurrer, and gave the plaintiff ten days to amend. Upon failure of plaintiff to amend, the case was dismissed with prejudice for lack of prosecution. From this judgment of dismissal the plaintiff is here on appeal.

The only question before us is whether the complaint stated a cause of action sufficient to withstand a demurrer.

The defendant's demurrer was directed against the allegations in the complaint relating to the tender and prayer for cancellation of the tax sale certificate. The suit of plaintiff shows that the relief she was actually seeking was the cancellation of the tax sale certificate issued by the county treasurer to the plaintiff, or redemption.

Nevertheless, there are sufficient allegations of fact and inferences for a suit to quiet title. Of course the certificate could not be canceled in the absence of the county treasurer as a party. This probably could not be done except by mandamus proceedings to compel the treasurer to cancel it and issue a redemption certificate. Plaintiff, however, alleges he is the owner of the

property in fee simple. The additional facts alleged in connection with the payment of the taxes at first blush might be deemed to have changed the character of his title so that the case would come within the rule of Oliver v. Emriquez, 17 N.M. 206, 124 P. 798. But the fact is, these allegations show the tax certificate to be void. It can be inferred that the defendant was claiming some interest in the property adverse to the plaintiff. This is admitted by the demurrer.

The complaint was subject to being made more definite and certain, and that part with reference to the tax certificate was probably subject to being stricken on motion. But as the complaint stands, with its inferences, it pleads a fee-simple title in the plaintiff, a claim of interest by the defendant, and prays that plaintiff's title be quieted and set at rest.

Knabel v. Escudero, 32 N.M. 311, 255 P. 633, is direct authority for the proposition that: "A complaint to quiet title to real estate, in the language of the statute, is not subject to demurrer." The general allegations of the complaint in the case at bar are in the language of the statute. The demurrer should have been overruled.

For the reasons given, the cause will be remanded to the trial court, with instructions to overrule the demurrer and permit the defendant to plead over.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.